No. 922
UNITED FUEL GAS CO v. IRONTON (City)
Ohio Supreme Court
No. 17336. Decided March 6, 1923
To Appear in 107 Ohio State Reports
294. PLEADING.
Refusal to allow party to amend held error.
259. MUNICIPAL LAW.
Gas rate in city cannot be fixed for more than ten-year period.
PER CURIAM.

Epitomized Opinion

In 1897 the city of Ironton granted a franchise to defendant's assignors to supply gas to the city for 25 years at a rate not exceeding 27½ cents per one thousands feet. In 1909 a new ordinance of the city fixed the rate at the same price for the next ten years and it was accepted by defendant. In November, 1919, defendant filed with the Public Utilities Commission a schedule of higher rates to begin December 1, 1919. On November 24 ,1919, the city passed an ordinance requiring defendant to furnish gas at the old rate for the next three years. On December 19, 1919, defendant filed with the Public Utilities Commission a complaint and appeal from this ordinance.

A motion by the city to dismiss the appeal was sustained by the Commission and that ruling of the Commission was affirmed by this court in 103 OS. 168. At the same time this action by the city to enjoin the defendant from charging a rate in excess of the old contract rate was pending in the Common Pleas.

In June, 1920, the Common Pleas granted the injunction. Defendant appealed to the Court of Appeals which later granted leave to defendant to file an amended answer to the amended petition of the city. Still later defendant moved for leave to file a second amended answer, seeking to set forth that the old 27½ cent rate was so low as to amount to a confiscation of defendant's property.

The motion was overruled by the Court of Appeals which later sustained a demurrer to the amended answer and rendered judgment for the city, granting the injunction. Defendant brought error proceedings to this court. Held:

## OHIO SUPREME COURT—Continued

1. In 103 OS. 168 this court held that the city in 1897 had not the power to fix the rate beyond a period of ten years and that the rate fixed was not for a definite time. (That holding was correct and in view of it the decison should have been the other way. Hence that case is overruled.) Therefore the confiscatory nature of the rate the city was in 1919 attempting to fix was a proper issue in the case and the Court of Appeals erred in denying the right to file the second amended answer.

2. A rate contract by city ordinance exceeding a term of ten years is invalid under 3982 and 3983 GC. 98 OS. 320 is overruled. Reversed and remanded.

Marshall, Jones, Matthias and Day, JJ., concur; Robinson, J., concurs in judgment; Wanamaker and Allen, JJ., dissent; Marshall, Robinson, Jones and Day ,JJ., are of opinion that should the Court of Appeals find the ordinance rates confiscatory, the scheduled rates filed by the Utility must necessarily prevail. Robinson and Matthias, JJ., are of opinion that the question is prematurely raised, and should not be decided until properly presented.

Attorneys—R. G. Altizer, Charleston, W. Va., and Johnson & Jones, Ironton, for Gas Co.; F. G. Roberts, Solicitor of Ironton, Stricker & Johnson, Cincinnati, and Andrews & Irish, Ironton, for City.