By the Court.
The facts incident to a solution of the problem presented in this case are as follows:
The Village of New Boston on October 14, 1909, granted a franchise to the United Fuel Gas Company to supply natural gas for a period of 25 years, which grant was accepted on October 22,1909. Section 5 of the ordinance recites as follows:
“That said grantee, its successors and assigns, as a condition to and in consideration for the exercise of the rights, privileges, powers and grants herein contained, shall furnish for public and private use to the said village of New Boston and its inhabitants such natural gas at a reasonable price, *353 in no ease to exceed the rate of forty cents (40e.) per 100 cn. ft. for the period of ten (10) years from and after the date of which this ordinance shall take effect, as hereinafter provided, and to be thereafter subject to the provisions of the statutes in the state of Ohio in such case made and provided: Provided, however, that said grantee, its successors and assigns shall not be required to make a monthly charge of less than twenty-five cents (25c.), used through any single meter.”
It will be noted that, for the ten-year period provided for in above section, gas was to be furnished at the rate of 40 cents per 1,000 cubic feet from and after October 22, 1909, and “to be thereafter subject to the provisions of the statutes in the state of Ohio in such case made and provided.” It is to be further noted that the ordinance recited as follows:
“Provided, however, that said grantee, its successors and assigns, shall not be required to make a monthly charge of less than twenty-five cents (25c.), used through any. single meter.”
Upon the expiration of the 10-year period, the company, on October 30, 1919, filed a schedule with the Public Utilities Commission, fixing a rate of 40 cents net, with a 50-cent minimum charge to become effective December 1, 1919. Afterward, on January 20, 1920, the council of the village of New Boston passed an ordinance fixing a maximum net rate of 30 cents per 1,000 cubic feet. An appeal from this ordinance was taken by the United Fuel Gas Company to the Public Utilities Commission, and, upon hearing had, the rate as.fixed in the ordinance was found to be unjust and unreasonable, and the *354 same was set aside by the Public Utilities Commission, and the rate established at 40 cents net, with 50 cents as a minimum charge. To reverse this finding of the Public Utilities Commission this proceeding in error is prosecuted in this court.
The questions raised by the record may be grouped as follows:
First. Did the Public Utilities Commission err in finding that the ordinance could not fix a rate for a longer period than 10 years?
Second. Did the commission err in considering the appeal from the village council, and in not sustaining the motion of the village to dismiss the same?
Third. Are the findings and the order of the commission against the manifest weight of the evidence and contrary to law?
A consideration of the first ground of error involves a construction of Section 5 of the ordinance passed by the village council on October 14, 1909, and accepted by the United Fuel Gas Company. Iu so far as the same is pertinent to the present question, it is to be noted that the last clause of the section recites:
“Provided, however, that said grantee, its successors and assigns, shall not be required to make a monthly charge of less than twenty-five cents (25c.), used through any single meter. ’ ’
It is the contention of the plaintiff in error that this clause of the section fixes the price as 25 cents, not for 10 years, but for the full 25 years; that, the ordinance having been accepted by the United Fuel Gas Company, it constitutes a contract; and that it *355 is beyond the power of any board, commission, or court to modify the same.
This question has recently been before this court in the case of United Fuel Gas Co. v. City of Ironton (decided March 6, 1923), 107 Ohio St., 173, 140 N. E., 884, wherein the question of the right of a municipal council to make a rate for the commodity of a public utility company for a longer period than ten years was passed upon, and it was held that:
“It has long been the settled law of this state that under Sections 3982 and 3983, General Code (formerly Sections 2478 and 2479, Revised Statutes), neither the city nor the utility had any authority to contract as to the price of gas for a longer period than 10 years.”
The eases in conflict with that doctrine, cited by counsel for plaintiff in error in their brief, are of course overruled by the Ironton case, and we are bound by the principle therein announced. So that the first ground of plaintiff in error for reversal of the findings of the Public Utilities Commission must be denied.
Coming to the next ground: Did the Public Utilities Commission err in not sustaining the motion of the village of New Boston to dismiss the appeal? In support of this contention it is urged that, in view of the fact that the franchise ordinance, as adopted October 14, 1909, was accepted by the United Fuel Gas Company on October 22, 1909, before Section 614-44, General Code, was enacted, no jurisdiction is given the Public Utilities Commission in the premises. A portion of Section 5, above quoted, after making provision for the 40-cent rate for the period of 10 years, uses this language:
*356 “And to be thereafter subject to the provisions of the statutes in the state of Ohio in such ease made and provided.”
The contention of the plaintiff in error is that the village reserved to itself the right to act in accordance with the statutes as they existed when the ordinance was adopted.
Reliance is placed upon the third proposition of the syllabus in City of Cincinnati v. Public Utilities Commission, 98 Ohio St., 320, 121 N. E., 688, 3 A. L. R., 705:
“Statutes in force at the time a contract is made by a municipality enter into and become part of the contract. Its obligation is to be measured, and performance is to be regulated, by the terms and rules which they prescribe.”
In view of the fact that, in so far as the rate-making power of council beyond the period of 10 years is concerned, the doctrine announced in the case last above referred to is no longer binding upon this court, and in view of the principle announced in United Fuel Gas Co. v. City of Ironton, supra, we adhere to the doctrine therein announced, and find that the Public Utilities Commission had jurisdiction in the premises, and did not err in overruling the motion of the village of New Boston to dismiss the appeal.
The third ground of error is that the findings and orders of the Public Utilities Commission were against the manifest weight of the evidence and contrary to law. The l’ecord discloses that a full investigation and appraisal of the property of the United Fuel Gas Company were made by the commission as of date January 20,1920, in so far as the *357 same related to furnishing natural gas service in the village of New Boston. In addition thereto, evidence was offered by the United Fuel Gas Company upon reports made by their own experts. A comparison of these figures, together with the other evidence offered in the case, leads us to the conclusion that the findings of the commission based thereon are not so manifestly against the weight of the evidence as to warrant this court in disturbing same, and, being of this opinion, the findings and orders of the Public Utilities Commission are hereby affirmed.

Order affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur.
Wanamakeb and Allen, JJ., dissent.