Argued February 8, affirmed February 15, 1961

## BRITTON *v.* JACKSON ET AL
359 P. 2d 429

*Clifford B. Olsen,* Portland, argued the cause for appellant. On the brief were Anderson, Franklin, Jones & Olsen, Portland.

*Carrell F. Bradley,* Hillsboro, argued the cause for respondent. On the brief were Bush & Bradley, Hillsboro.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

## McALLISTER, C. J.

This is an action against Lincoln Jackson and H. S. Huson to recover damages for personal injuries sustained by the plaintiff, Alfred T. Britton, when his automobile was struck from the rear by a pickup driven by the defendant Jackson. The jury returned a verdict in favor of both defendants. Plaintiff appeals only from the judgment entered for the defendant Jackson.

Plaintiff assigns as error the refusal of the court to instruct the jury that the defendant Jackson was negligent as a matter of law in failing to keep a proper lookout and the giving of an instruction on the sudden emergency rule.

The accident occurred on Oak street in Hillsboro. Oak street is a one-way street for eastbound traffic with two lanes for traffic in the center of the street and a parking lane on each side next to the curb. The defendant Huson was driving a truck loaded with hay in the right lane. The plaintiff was driving in the left lane behind or to the west of the Huson truck. The defendant Jackson also was driving in the left lane immediately to the rear of plaintiff's car.

As the three vehicles were proceeding east in the relative positions described above, some boys pushed

a stalled car diagonally across Oak street from the north side to the south curb some distance in front of or to the east of the Huson truck. As Huson came abreast of the stalled vehicle, which protruded to some extent into his traffic lane, he turned his truck to his left into, or partially into, the left lane ahead of plaintiff's car. As a result of this maneuver, plaintiff also turned his vehicle to the left as far as he could and stopped rather abruptly. Defendant Jackson, who was following plaintiff, drove into the rear of plaintiff's car.

Defendant Jackson admitted that his attention had been attracted to his right by the boys and the stalled car and that he was not looking at the car ahead of him when it stopped and did not observe that it had stopped until it was too late to avoid the collision.

This court has consistently held that the driver of a motor vehicle must maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances. See *Walker v. Penner,* 190 Or 542, 227 P2d 316; *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 304 P2d 448, 298 P2d 835; and *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 316 P2d 302. In the *Phillips* case we held that a motorist is required to keep a reasonably continuous lookout but is not required to look continuously for danger from a particular area unless under similar circumstances such a lookout would be maintained by a reasonably prudent person. Whether Jackson was negligent in glancing toward the boys and the stalled vehicle instead of looking continuously at the car ahead of him was a question for the jury. The court did not err in refusing to instruct the jury that Jackson was negligent as a matter of law.

The court gave the jury the standard instruc-

tion on the degree of care required by one faced with a sudden emergency not created by his own negligence. Plaintiff argues that the giving of this instruction was error because the emergency, if one existed, was caused by Jackson's own negligence in failing to keep a proper lookout. Since it was for the jury to determine whether Jackson was negligent in failing to keep a proper lookout, it was for the jury to determine whether the sudden emergency, if one existed, was created by Jackson's own negligence. Plaintiff's exception to this instruction is not well taken.

Finding no error, the judgment is affirmed.