Argued June 3, reversed June 24, 1964

# WILSON *v.* CLARK
393 P. 2d 659

*Myron L. Enfield,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra and George A. Rhoten, Salem.

*Otto Skopil,* Salem, argued the cause for respondent. With him on the brief was Bruce W. Williams, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

Plaintiff was injured in an accident in which the car she was driving was struck from the rear by a

car driven by defendant. In this ensuing action plaintiff was awarded judgment following a verdict directed in her favor. Defendant appeals. The only issue on appeal is the merit of the order directing a verdict.

The accident happened on South Commercial street in Salem. The street accommodates two lanes of traffic in each direction. Plaintiff was driving south on the inner southbound lane. Defendant was following her. Plaintiff was obliged to stop her car at an intersection to enable a car ahead of her to make a left turn. After plaintiff stopped her car was struck in the rear by defendant's car. The weather was clear, the pavement was dry and there were no other cars or persons involved in the accident.

Defendant, called by plaintiff as an adverse witness, was the only one who described the accident. He testified that he had been following plaintiff for some unspecified distance and that the cars were moving at a normal rate of speed. He was not asked and did not say how close he was to the plaintiff's car, nor if he had been gaining on the car ahead, nor how much other traffic there may have been. His only explanation of the accident was that immediately before he had been seized with an involuntary sneeze. He testified:

"Q When was the first time that you knew that there was—some peril was imminent, that you were about to strike the car?

"A Well actually I was just recovering from a sneeze and heard my wife exclaim and looked ahead and the car was stopped in front of me and I applied the brakes as best I could and at that time we hit."

\* \* \* \* \*

"A I think in the process of sneezing, I heard my wife exclaim. Instead of looking straight up,

I looked over at her first and then straight ahead and saw her car stopped and I put the brakes on as quickly as I could and that is essentially all that happened."

Defendant was not asked if he had been looking at the car ahead before the sneeze, or if the sneeze was violent enough to blind him or otherwise affect his control of the car. All that appears in this record was that he sneezed.

The only pertinent specifications of negligence alleged in the complaint were lack of lookout and control. It was not alleged that defendant had been following too closely.

To sustain the directed verdict plaintiff relies on this language in *Lehr v. Gresham Berry Growers et al*, 1962, 231 Or 202, 207, 372 P2d 488:

"If two motor vehicles are proceeding in the same direction in the same lane of traffic and the following vehicle strikes the rear of the forward vehicle, in the absence of any other circumstances, reasonable minds could only conclude that the driver of the following car was guilty of failure to perform one or all of the duties placed upon drivers as above set forth."

Plaintiff takes the Lehr case to mean that the driver of the car behind has a virtual absolute liability to persons in the forward car. Her theory overlooks the limitation of the words "in the absence of other circumstances." An other circumstance may or may not be a distraction that would cause a jury to excuse a driver's failure to keep a continuous lookout at the car ahead. In the Lehr case there was no evidence to indicate any distraction or excuse for the following driver's inattention. In the instant case we have the sneeze. And the common experience available to

jurors could inform them that an involuntary sneeze might be as distracting as an insect in the eye, for example.

We have already suggested that reading the evidence in this case does not satisfy that defendant did or did not maintain proper lookout or control before the sneeze. Nor did defendant attempt to describe what, if any, effect the sneeze actually had upon his ability to drive the car. For all that appears in the record he may have been 10 feet behind the plaintiff's car before he sneezed and may have been looking at a passerby on the sidewalk. Or, he could have been a safe distance behind and looking intently. The evidence was inconclusive.

However, if we assume that, aside from the sneeze, the facts in the instant case were sufficiently similar to the Lehr decision to justify a directed verdict we think, nonetheless, it remained a jury question to weigh the testimony about the sneeze and to say whether or not it excused any negligence of defendant. The opinions in *Britton v. Jackson et al,* 1961, 226 Or 136, 359 P2d 429, and in *Jaeger v. Estep,* 1963, 235 Or 212, 384 P2d 175, to mention only the most recent decisions, justify the conclusion that the existence of and the effect of a claimed distraction are for the jury to consider. It follows that the judgment in this case must be reversed and a new trial ordered.