Argued February 4, reargued February 28, affirmed March 30,
petition for rehearing denied April 26, 1966

# EWING *v.* IZER

412 P. 2d 795

*Duane Vergeer,* Portland, argued the cause for appellant. On the brief were Frederick P. Roehr and Vergeer & Samuels, Portland.

*Gerald H. Robinson,* Portland, argued the cause for respondent. With him on the brief were Edwin York and Lent, York & Paulson, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman, and Lusk, Justices.

## GOODWIN, J.

Defendant appeals from a judgment for damages arising out of an automobile collision. The only issue is whether defendant was entitled to a directed verdict based upon the alleged contributory negligence of the plaintiff.

Plaintiff made a left turn against oncoming traffic. He said he looked but did not see the defendant's vehicle. The accident occurred at night, and there was evidence that one or more other vehicles had passed through the intersection immediately preceding defendant's vehicle. The plaintiff argued that the defendant's automobile may have been masked by other automobiles proceeding in the same direction. The court submitted to the jury the issues of the defendant's negligence and of the plaintiff's contributory negligence.

There was no evidence that the defendant was driving at an excessive rate of speed, so there was no reason for him to forfeit his right of way at the intersection. The principal issues on trial concerned the keeping of a proper lookout by the respective drivers.

In *Moudy v. Boylan et al,* 219 Or 448, 347 P2d 983 (1959), the factual situation closely resembled the facts in the case at bar. The question of lookout was not pressed, and, because of the failure of the record to include blackboard illustrations of the testimony, we did not review the jury's determination of the facts. The case is consistent, however, with the general rule in automobile collision cases that lookout is ordinarily a jury question. *Casto v. Hansen et al.,* 123 Or 20, 261

P 428 (1927) (a motorcycle-automobile collision); *Martin v. Harrison,* 182 Or 121, 180 P2d 119, 186 P2d 534 (1947) (a pedestrian-automobile collision).

In the case at bar, the plaintiff testified that visibility was unobstructed, and that he could see an automobile for four blocks. The plaintiff's admitted failure to see the defendant's automobile therefore is evidence that he failed to maintain a proper lookout. It is not, however, conclusive evidence of such a failure. A jury would still have to decide whether, under all the circumstances, the defendant's automobile would have been clearly visible to a motorist using ordinary care.

The rule is stated in 2 Blashfield, Automobile Law and Practice 271, § 104.4 (3d ed 1965):

> "* * * * *
>
> "A motorist must use his eyes and see seasonably that which is open and apparent. He cannot say that he looked, but failed to see what was clearly visible, or could have been seen by the exercise of ordinary care. However, it has been held that it is only where an automobile is plainly visible that the driver of another automobile cannot be heard to say that he looked for the first automobile and did not see it.
>
> "The duty of keeping a proper lookout imposes on the driver the obligation to see whatever there may be in the line of his vision, for a reasonable distance, which will affect his driving, as measured by what a reasonably prudent man would have seen. A driver who has an unobstructed view will be held in law to have seen persons or objects which, by the exercise of ordinary care, he should have seen, but he is not deemed to have seen a vehicle in his path where his attention was required to be directed in another direction.
>
> "* * * * *." (Footnote references omitted.)

██ The rights of motorists on city streets are not absolute. Drivers approaching intersections in city

traffic must anticipate danger from many quarters. Human vision cannot simultaneously comprehend all points of the compass. Accordingly, a motorist is not held as a matter of law to be under a duty to look in a specific direction at a specific time. *Britton v. Jackson et al,* 226 Or 136, 359 P2d 429 (1961); *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 316 P2d 302 (1957). The standard of lookout required is that of the reasonable motorist under the same or similar circumstances. The determination of what a reasonable person would have done is properly left to the jury unless the court can say without hesitation that no reasonable person would have proceeded as the plaintiff did under all the evidence. *Martin v. Harrison,* supra. Whatever our individual notions of due care may be, we cannot say as a matter of law that other reasonable persons could not disagree. Accordingly, the question in this case was properly submitted to the jury.

Affirmed.

LUSK, J., dissenting.

The plaintiff testified:

"Q  Now, as you approached the intersection of 188th and Glisan, did you see any traffic coming the other way?
"A  Yes, I did.
"Q  What did you see?
"A  This is coming towards me?
"Q  Yes.
"A  I seen two cars coming towards me.
"Q  And about how far away were they when you first saw them?
"A  Oh, probably a half a block.
"Q  And how far were you from the intersection when you first saw them?
"A  I was right to the intersection, almost I mean.

"Q   Do you know what lane of travel these cars were in?

"A   Yes. One was on the inside lane. The other was in the outbound lane.

"Q   And did you let those cars pass you?

"A   Yes, I did.

"Q   And did you look again to see if there was any traffic?

"A   Yes.

"Q   Did you see anything?

"A   No, I did not.

"Q   And about how fast were you driving at that time?

"A   When I got to the intersection I had slowed down to let the two automobiles that were coming towards me pass and I turned my blinker on. I was at a walking speed when I got to the intersection and after the two cars went by I made my turn and my nose of the vehicle was just about to the curb when I was struck.

"Q   Did you ever see the other car that hit you?

"A   No, I did not.

"Q   Now, about how fast were you traveling as you entered the intersection, or started to enter 188th?

"A   A walking speed when I started making my turn and then I accelerated when I started into my turn like you would when you are making any turn."

Glisan street was illuminated by mercury vapor lamps and, as the opinion of the court points out, objects were visible at a distance of 800 feet; the headlights of defendant's car were burning; the defendant was driving at a reasonable and lawful rate of speed. The plaintiff, in making a lefthand turn had a clear duty to keep a lookout for traffic approaching the intersection from the opposite direction—always the point of obvious danger for a motorist executing such a movement. The plaintiff testified he looked, but did not see the defendant's car. The court's opinion appar-

ently approves the rule that a motorist "cannot say that he looked, but failed to see what was clearly visible, or could have been seen by the exercise of ordinary care": 2 Blashfield, Automobile Law and Practice 271-272, § 104.4 (3d ed). The same principle has been otherwise stated as follows: "[W]here there is a duty to look, a failure to observe what is plainly visible constitutes negligence even if the defendant says he looked and did not see": *Wilkins v. Stuecken,* 359 Mo 1047, 1052, 225 SW2d 131. See, also, *Prentiss v. Johnston,* 119 Colo 370, 203 P2d 733.

The opinion of the court states: "The plaintiff argued that the defendant's automobile may have been masked by other automobiles proceeding in the same direction." It is not indicated whether the court accepts this argument. I would not accept it, because the evidence does not support it. The plaintiff made no such claim in his testimony, but said that he let the two cars pass him, looked again to see if there was any traffic and saw nothing. I find nothing in the testimony to justify a belief that the defendant's car was not plainly visible to anyone in the plaintiff's position.

The court states a number of general propositions regarding the respective duties of motorists, with which there can be no disagreement. But general propositions do not decide concrete cases, and the simple facts here are that the plaintiff made a lefthand turn in the face of oncoming traffic and failed to see the defendant's automobile, although it was there in plain sight, and a collision resulted. In my view this was contributory negligence as a matter of law.

I dissent.

I am authorized to say that Mr. Justice PERRY and Mr. Justice HOLMAN concur in this opinion.