Argued September 9, affirmed October 12, 1966

# GINTER *v.* HANDY ET AL

419 P. 2d 21

*David C. Landis,* Portland, argued the cause for appellants. With him on the briefs were William H. Morrison, Winfrid K. Liepe, Maguire, Shields, Morrison, Bailey & Kester and Morrison & Bailey, Portland.

*Richard D. Nelson,* Portland, argued the cause for respondent. With him on the brief was Paul S. Hybertsen, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

The plaintiff was injured when the car he was driving was struck from the rear by defendant Glen Handy's car, driven by his daughter, defendant Glenda Handy. Defendants contend that plaintiff suddenly and unexpectedly stopped or slowed his vehicle, causing the collision. Plaintiff received a verdict; defendants appeal.

Defendants contend the trial court erred in failing to give the following requested instruction:

"If you find that the plaintiff slowed or stopped his vehicle in the main traveled portion of the highway and while so doing diverted his attention from his driving in order to yell at the defendant Dillard without first determining that such could be done in safety, plaintiff would be negligent, and if this proximately contributed to the happening of the accident in the slightest degree, your verdict must be for the defendants."

■ This is not error. The trial court was not obliged to give the requested instruction regardless of the correctness of the law stated by the instruction because the closing clause, "your verdict must be for the defendants," destroys the neutral form that instructions should have. In addition, the subject of the request was covered by the trial court's instruction in the words of the statute, ORS 483.126(1).

The defendants contend that the trial court's failure to give the following requested instruction was error:

"Defendants Handy charge that the plaintiff was himself contributorily negligent in failing to keep a proper lookout. It is the plaintiff's duty while on the main traveled portion of the highway to keep a continuous lookout for vehicular traffic. This duty also includes the duty to keep a lookout for traffic traveling to the rear of plaintiff. If you find from the evidence in this case that plaintiff failed to keep a continuous lookout and that such failure proximately contributed to the happening of the accident in the slightest degree, your verdict must be for the defendants."

The requested instruction did not correctly state the law applicable to the circumstances here present.

The statement in the requested instruction that one has a duty "to keep a continuous lookout for vehicular traffic. This duty also includes the duty to keep a lookout for traffic traveling to the rear of plaintiff," is misleading.

■ A driver is not required to keep a continuous lookout for vehicular traffic only; neither is a driver required to keep a continuous lookout for vehicular traffic to the rear.

■ The law is as we stated it to be in *Britton v. Jackson*, 226 Or 136, 359 P2d 429 (1961); and *Phillips, Gdn. v. Creighton, Adm.*, 211 Or 645, 652, 316 P2d 302 (1957). In the former case we stated: "This court has consistently held that the driver of a motor vehicle must maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances. [Citations] In the *Phillips* case we held that a motorist is required to keep a reasonably continuous lookout but is not required to look continuously for danger from a particular area unless under similar circumstances such a lookout would be maintained by a reasonably prudent person." 226 Or at 138.

No error was committed.

Defendants requested the following instruction:

"While the burden of proof is upon the defendants to establish contributory negligence, you are not limited in determining this issue to the testimony offered by defendants. If you find from *testimony offered by either party* that plaintiff was guilty of contributory negligence as charged in defendants' answer, plaintiff cannot recover damages." (Emphasis added.)

The court's failure to so instruct, particularly in accordance with the italicized portion, is assigned as

error. This subject was adequately covered by this instruction:

"In deciding this case you are to consider all of the evidence which you find worthy of belief presented by either party bearing on each question, regardless of which party has the burden of proof on that question."

■ Plaintiff prayed for an item of special damages in the amount of $14,008.06 for moneys paid workers to do work on plaintiff's mink ranch which plaintiff ordinarily would have done if he had not been injured by defendants' alleged negligence. At the close of the evidence defendants moved to strike this claim upon the ground that it had not been proven and was purely speculative. The motion was denied. It can be determined from the verdict that plaintiff was awarded this amount for such claimed special damages.

The plaintiff was asked: "Now, after this collision occurred in June of 1961, were you compelled to hire men to do the labor on the mink ranch that you ordinarily would have performed?" He answered: "Yes, sir." The questions and plaintiff's answers given shortly thereafter in his testimony are as follows:

"Q Do you know how much in dollars and cents you have spent hiring laborers to do the work at the ranch that you ordinarily would have done?
"A About $14,000 in the period of time.

"Q And over what period of time is that? From June of 1961 to when, Mr. Ginter?
"A Up until December of 1963—or 1964. Up until December of 1964. Through December, 1964, we paid out $14,008 for labor and room and board."

The above testimony is evidence to support plaintiff's claim and requires submission of the issue to the

jury. *Fields v. Fields*, 213 Or 522, 307 P2d 528, 326 P2d 451 (1958).

■ The court gave the usual instruction on life expectancy and the standard mortality tables. The defendants excepted upon the ground that the plaintiff had a permanent physical condition prior to the collision which caused the standard mortality tables to be inapplicable. The plaintiff had a degenerative spondylolisthesis and "a slippage of the fifth [lowest] lumbar vertebra on the pelvis." There is no evidence that such conditions have any effect upon plaintiff's life expectancy. No error was committed.

Affirmed.