Argued May 4, 1966, reversed and remanded February 15, 1967

ISAACSON *v.* WIRKLAN ET UX

423 P. 2d 759

*Robert J. McCrea,* Eugene, argued the cause for appellant. With him on the briefs were Wylie & Gildea and Venn, Mulder, Morrow & McCrea, Eugene.

*Roland F. Banks, Jr.,* Portland, argued the cause for respondents. On the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and Lee Johnson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and *SCHWAB, Justices.

DENECKE, J.

Plaintiff suffered personal injuries in an intersection automobile collision. In the damage action that followed, the trial court granted defendants' motion for a directed verdict and plaintiff appeals.

Plaintiff was driving her car south on Northeast Sixth Avenue, in Portland. Defendant Emil Wirklan was driving east on Northeast Wasco Street. (The other defendant, Mrs. Wirklan, is co-owner of the vehicle.) The intersection was uncontrolled. Defendant was the car on the right and had the right of way. ORS 483.202(1). The collision occurred shortly after 5:00 p.m. on November eighth. It was dark and lights were required. The point of impact was in the southwest quarter of the intersection.

The trial court directed a verdict against the plaintiff; therefore, we consider the facts as being those established by the evidence most favorable to the plaintiff.

The plaintiff entered the intersection at a speed of

---

* Schwab, J., did not participate in this decision.

20 miles per hour. Her lights were on. She looked to her right and could observe one-quarter of a block. She does not know how long this particular block was. She saw no vehicles approaching. She got out into the intersection and "all of a sudden there was Mr. Wirklan."

She charged that the defendant was negligent in failing to have proper control, to keep a proper lookout, to stop, slow down, etc., to avoid the collision, and in driving at an excessive speed. The answer charged that plaintiff was contributorily negligent in failing to yield the right of way, to keep a proper lookout, to keep her vehicle under proper control, and in driving at an excessive speed.

The motion for a directed verdict was upon the grounds that there was no evidence that defendant was negligent and the evidence was conclusive that the plaintiff was contributorily negligent as a matter of law. The trial court, in granting the motion, observed: "She is negligent as a matter of law principally on lookout, but also on right of way and also speed."

■ Whether plaintiff kept a reasonable lookout was a question for the jury. In *Casto v. Hansen,* 123 Or 20, 261 P 428 (1927), a plaintiff's verdict against a driver coming into the intersection on plaintiff's right was affirmed. The court stated: "The fact that he [the plaintiff] looked and did not see the automobile approaching does not, as a matter of law, convict him of negligence, although it might be a sufficient reason for a jury to do so." 123 Or at 24.

In *Ewing v. Izer,* 243 Or 367, 412 P2d 795 (1966), decided after the trial of the present case, we affirmed a verdict for a plaintiff who turned left against an oncoming defendant. It was dark and the defendant's

lights were on. Plaintiff testified he did not see the defendant. We held: "The plaintiff's admitted failure to see the defendant's automobile therefore is evidence that he failed to maintain a proper lookout. It is not, however, conclusive evidence of such a failure." 412 P2d at 796. The present case is stronger for the plaintiff than was plaintiff's case in *Ewing v. Izer,* supra, in that here lights were necessary and the defendant may not have had his lights on, and here the defendant may not have been within plaintiff's vision when she looked.

The issue of whether plaintiff failed to yield the right of way is also one for the jury.

In *Knox v. Abrams,* 132 Or 500, 286 P 517 (1930), we analyzed our past decisions and decided: "The result of the aforementioned adjudications by this court is that in the performance of the statutory duty [to yield the right of way] due care only need be exercised." 132 Or at 507.

■ In determining whether plaintiff has violated the right-of-way statute, we determine whether plaintiff acted as a reasonably prudent man under the same circumstances. If reasonable minds could differ upon this issue, we hold it is an issue for the jury. *Gilman v. Olson,* 125 Or 1, 265 P 439 (1928); *Stryker v. Hastie,* 131 Or 282, 282 P 1087 (1929); *Dorey v. Meyers,* 211 Or 631, 317 P2d 585 (1957).

The issues of plaintiff's speed and control were also for the jury.

■ We also conclude that the issue of defendant's negligence was for the jury. The privilege of having the right of way is not absolute. One having such privilege continues to have a duty to use due care.

If the jury could have found the defendant guilty

of any one of the charges of negligence against him, a directed verdict could not be granted upon the ground the defendant was not guilty of negligence as a matter of law. We hold that the jury could have found the defendant failed to keep a proper lookout. We need not consider the other allegations of negligence.

The defendant testified he saw the plaintiff when she was three-quarters of a block away or not less than 100 feet up the street to his left. At this time he only glanced at her. His observation was not sufficient for him to form an opinion as to plaintiff's speed. From his glancing observation defendant believed he had "plenty of time" to pass through the intersection. He did not see plaintiff again, although there was no obstruction of his vision, until "she was right on" him.

In *Davis v. Lavenik,* 178 Or 90, 165 P2d 277 (1946), we stated: "Assuming that defendant had the right of way at the intersection, he was not relieved of the duty of exercising reasonable care in keeping a look-out for traffic." 178 Or at 97. This principle was applied in *Pope v. Heldman,* 215 Or 703, 336 P2d 63 (1959). The plaintiff in that case was a five-year-old pushing a bicycle, but that does not distinguish it from the present case. The defendant was driving upon a thoroughfare and noticed the plaintiff about 50 to 100 feet away crossing a shoulder of the road in the direction of the paved portion upon which defendant was traveling. Defendant watched a vehicle ahead of him which had stopped or slowed down to make a turn. After it had turned, defendant started or speeded up and hit the plaintiff. We reversed the trial court's order granting a nonsuit. We stated: "It was for the jury to say whether or not the defendant's conduct in casting out of his mind the plaintiff after he had seen him and

then travel twenty to thirty miles an hour into the very vicinity where the child had been seen without looking ahead constituted the exercise of reasonable care." 215 Or at 713.

The jury could have found that a reasonably prudent man would have looked more carefully at plaintiff's vehicle so as to determine whether he could safely pass through the intersection or a reasonably prudent man would have kept the plaintiff under observation until he could accurately determine plaintiff's course.

Reversed and remanded.