Argued March 13, affirmed September 6, 1974

HALL, *Respondent, v.* SPRAY, *Appellant.*

525 P2d 1010

*William A. Gaylord,* Portland, argued the cause for appellant. With him on the brief were Ail and Luebke, Portland.

*Thomas L. Moultrie,* Portland, argued the cause for respondent. With him on the brief were Robert B. Carlson and Schneider & Moultrie, Portland.

DENECKE, J.

A jury awarded the plaintiff damages for personal injuries sustained in an automobile collision. The defendant appeals, contending the trial court

should have granted his motion for an involuntary nonsuit upon the ground the plaintiff was contributorily negligent as a matter of law. The collision occurred before the effective date of the comparative negligence statute.

Both parties were driving vehicles eastward on Harold Street, a two-lane road. Plaintiff was traveling slowly and the defendant, who was traveling behind plaintiff, pulled out to pass. Plaintiff started to turn left onto 113th Street, and the collision occurred.

The defendant charged the plaintiff was negligent in violating ORS 483.126 (1), which provides, in part:

"The driver of any vehicle upon a highway before starting, stopping, changing lanes or turning from a direct line shall first see that such movement can be made in safety."

Defendant also charged that the plaintiff was negligent in failing to keep a proper lookout.

We have interpreted ORS 483.126 (1) to mean:

"* * * If, upon looking, it would appear to a reasonably prudent person that such action could be safely taken, he would not be guilty of negligence as the statute would not be violated." *Ray v. Anderson,* 240 Or 619, 621, 403 P2d 372 (1965).

The defendant testified that about a block before the collision he came up to within about four or five car lengths from the rear of the plaintiff. About 100 feet from the place of impact the defendant pulled out to pass plaintiff. He was driving about 30 to 35 miles per hour.

Plaintiff was driving a Ford van which had outside rearview mirrors on the right and left, and a center rearview mirror. She looked to her rear about

two blocks before the collision and saw nothing. Plaintiff testified she again looked to her rear "just before turning." She also testified, "When I applied those brakes and went around the corner and glanced at the same time, it's all in one automatic reaction. And that's when I saw the bright orange thing come [the defendant] and I didn't know what it was. I applied the brakes."

In *Britton v. Jackson et al,* 226 Or 136, 138, 359 P2d 429 (1961), we reiterated the customary rule "that the driver of a motor vehicle must maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances." In *Ginter v. Handy,* 244 Or 449, 452, 419 P2d 21 (1966), we stated: "* * * neither is a driver required to keep a continuous lookout for vehicular traffic to the rear."

Exactly when in the sequence of the maneuver plaintiff looked to her rear and whether or not looking at that time was reasonable are questions for the trier of fact. The trial court was correct in denying the motion for nonsuit.

Affirmed.