HOCKETT, *Appellant,*
*v.*
SALEM PRIVATE SCHOOLS et al, *Respondents.*
(No. 94007, SC 24718)

568 P2d 663

Samuel R. Blair, Salem, argued the cause for appellant. With him on the brief was Blair & Mac-Donald, Salem.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Denecke, Chief Justice, and Tongue, Bryson, and Linde, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiff Paula L. Hockett brought this action to recover damages arising out of a collision between plaintiff's motorcycle and defendant Salem Private Schools' bus. Judgment was entered on a defendants' jury verdict. Plaintiff appeals.

Plaintiff's sole contention is:

"The trial court erred in allowing evidence that plaintiff's motorcycle had no light burning when that allegation had not been affirmatively plead."

The accident occurred on April 21, 1975, when defendant Martinez drove the school bus into an intersection and plaintiff, who had the directional right-of-way, drove into the bus. Plaintiff's complaint alleged, among other things, that defendants had been negligent in failing to "keep and maintain a proper lookout for plaintiff." Defendants' answer denied this allegation and set forth various allegations of contributory negligence, not including plaintiff's failure to have her motorcycle head lamp lit. On the morning of trial defendants moved to add such an allegation, but the trial court denied the motion to amend.[1]

Nevertheless, at trial defendants introduced evidence that plaintiff did not have her motorcycle head lamp lit. Plaintiff objected that the evidence was immaterial, but this objection was overruled. The trial court ruled that the evidence was admissible not to show contributory negligence, but to negate plaintiff's allegation that defendant Martinez had failed to keep and maintain a proper lookout.

The trial court's ruling was correct. Plaintiff's objection would have been correct if the evidence in question had been relevant only to show plaintiff's contributory negligence. In that case, the evidence

---

[1] Whether the denial of this motion was correct is not at issue in this appeal. On amendment of pleadings, *see Watson v. Dodson,* 238 Or 621, 622, 395 P2d 866 (1964) (reversed when court refused to allow amendment during trial); *Cutsforth v. Kinzua Corp.,* 267 Or 423, 433, 517 P2d 640 (1973) (allow amendment during trial).

would have been immaterial since the proposition it tended to prove—that plaintiff was contributorily negligent in failing to light her motorcycle head lamp—had not been put in issue by the pleadings. However, the evidence was also relevant to the issue of whether defendant Martinez had kept a proper lookout. "The standard of lookout required is that of the reasonable motorist under the same or similar circumstances." *Ewing v. Izer,* 243 Or 367, 370, 412 P2d 795 (1966). The jury was entitled to consider the visibility of plaintiff's vehicle in deciding whether the defendant maintained a reasonable lookout. Since a motorcycle with a lighted head lamp is more easily visible than one without, evidence that the light was not lit was relevant and material.[2] If evidence is admissible for one purpose but inadmissible for another, it may be received for the proper purpose. Since the trial court received the evidence for the proper purpose, it correctly overruled plaintiff's objection.

Affirmed.

---

[2]Compare ORS 487.740, requiring motorcycle head lamps to be displayed at all times. Although the relevancy of the head lamp evidence does not depend on this statute, the statute does show a legislative determination that displaying the lamp does promote safety, presumably by making the motorcycle more visible to other drivers.