Argued July 13, affirmed July 20, 1960

## STEWART *v.* PULIDO
354 P. 2d 298

*John P. Ronchetto,* Portland, argued the cause for appellant. On the brief was Earl A. Fewless, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester, and Winfrid K. Liepe, Portland.

Before MCALLISTER, Chief Justice, and WARNER, O'CONNELL, GOODWIN and MILLARD, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries sustained in an automobile collision. There

was a verdict and a judgment for the defendant. Plaintiff appeals.

The sole assignment of error is directed at the instructions to the jury, it being contended that the instructions imposed upon plaintiff a burden of proof more onerous than he was legally required to carry.

The jury was instructed that plaintiff was required to establish his case by a "preponderance of satisfactory evidence." It is contended that *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958) is authority for the proposition that the giving of such an instruction constitutes reversible error.

In *Cook v. Michael,* supra, at page 521, it was said that "it is proper for the trial court to refuse to give a requested instruction containing the phrase 'preponderance of satisfactory evidence' and the statutory definition of satisfactory evidence * * *." "Satisfactory evidence" is defined by the statute (ORS 41.110) as that "which ordinarily produces moral certainty or conviction in an unprejudiced mind." We held that proof to a moral certainty was equivalent to proof beyond a reasonable doubt and that the burden thus described was not appropriate in ordinary civil cases. The vice of the instruction there examined was not in the use of the word "satisfactory" but in the use of the statutory definition of "satisfactory" in terms of "moral certainty."

In the case at bar the jury was not given the statutory definition of satisfactory evidence; the instruction simply referred to the "preponderance of satisfactory evidence." The word "satisfactory" does not, in itself, connote "moral certainty." The expression "satisfactory evidence" would convey to the jury

simply the idea that the evidence must be adequate in the sense of its credibility.

Although it was unnecessary for the trial judge to use the word "satisfactory" in the phrase "preponderance of satisfactory evidence," it did not constitute error to do so.

Judgment affirmed.