Argued May 10, reversed and remanded December 15, 1965,
petition for rehearing denied January 11, 1966

## MORRILL *v.* ROUNTREE ET AL
408 P. 2d 932

Frederic H. Starkweather, Jr., Gold Beach, argued the cause and filed a brief for appellant.

Philip B. Lowry and William V. Deatherage, Medford, argued the cause for respondent. On the brief

were Frohnmayer, Lowry & Deatherage and L. A. Merryman, Medford.

Before McAllister, Chief Justice, and Perry, O'Connell,* Denecke and Lusk, Justices.

PERRY, J.

The plaintiff brought this action to recover damages for claimed personal injuries arising out of an automobile accident. The jury returned a verdict for the defendants and the plaintiff appeals.

Plaintiff was a passenger in an automobile driven by her husband, Glen Morrill. Due to heavy traffic following a Shakespearian play, the automobile in which plaintiff was riding was proceeding slowly on First street in Ashland, Oregon. Directly following the Morrill vehicle was an automobile driven by the defendant Michael Rountree. The Morrill car stopped behind another vehicle at an intersection, and the Rountree car stopped some three to five feet behind the Morrill car. While the cars were thus stopped waiting to proceed, Michael Rountree's foot slipped off of the brake with which he was holding the car, because of the backward incline of the street, and struck the accelerator, causing the Rountree car to move forward striking the rear of the Morrill car.

The plaintiff alleged in her amended complaint that the defendant Michael Rountree was negligent in the following particulars:

"V

"(a) He operated his vehicle at a speed greater than was reasonable and prudent, with due regard to the road and other conditions then existing.

---

* O'Connell, J., did not participate in this decision.

"(b) He operated his vehicle at a speed greater than permitted him to exercise proper control and to decrease speed or stop as necessary to avoid colliding with the vehicle in which plaintiff was riding.

"(c) He failed to keep a proper lookout for the vehicle in which plaintiff was riding.

"(d) He followed the vehicle in which plaintiff was riding too closely and without maintaining a sufficient or proper interval between the vehicles."

After the plaintiff had introduced her evidence-in-chief, and it appeared that the only evidence of any negligence on the part of Michael Rountree was in permitting his foot to slip from the brake onto the accelerator and cause the Rountree vehicle to move forward and strike the rear of the Morrill car, the plaintiff moved to amend her complaint to conform to the proof by alleging the following:

"He failed to keep proper or any control of the vehicle which he was driving."

The trial court refused to permit the amendment and the plaintiff contends this ruling of the court constituted prejudicial error.

The basis of the trial court's refusal was that plaintiff knew a day or two prior to trial that the actual cause of the collision of the cars was due to the driver's foot slipping onto the accelerator while the cars were stopped and that the motion should have been made at the commencement of the trial and not after plaintiff had introduced her case-in-chief, as this did not give the defendants an opportunity to examine plaintiff's witnesses upon this issue.

It is also apparent from the record that the trial court was of the opinion that the act of the foot slip-

ping as negligence was contained within the allegation of negligence in sentence (b) of paragraph V of plaintiff's amended complaint for the court submitted only this allegation of negligence for the consideration of the jury; and, also, after denying plaintiff's motion to amend, the trial court denied the defendant's motion for an involuntary non-suit based on defendant's argument that the evidence of the foot slipping from the brake to the accelerator was not an act of negligence contained within sentence (b) of paragraph V of plaintiff's complaint.

■ In our opinion, the foot slipping incident, under the facts of this case, does not lie within the act of negligence alleged in sentence (b) of paragraph V of plaintiff's amended complaint. The allegation in the amended complaint refers to the operation of a motor vehicle at such speed that proper control of the vehicle cannot be exercised to avoid injury. The facts in this case do not in anywise disclose excessive speed which would affect the control of the vehicle, but show only that while the vehicle was stopped on the street for some reason unknown Michael Rountree's foot slipped from the brake to the accelerator causing the vehicle to move forward.

■ It is firmly established that the ruling of a trial court allowing or refusing to grant an amendment to pleadings to conform with the proof lies within the sound discretion of the court and will not be disturbed unless it affirmatively appears that such discretion was clearly abused to the material injury of some substantial right of a party. *Thomas v. Foglio,* 231 Or 187, 371 P2d 693; *Foster v. Henderson,* 29 Or 210, 45 P 899.

■ It is equally well established that the provisions of ORS 16.390, permitting amendments of pleadings

to correspond to the proof, should be liberally allowed. *Goff v. Elde,* 132 Or 689, 288 P 212.

■ While motions to amend pleadings, after they may be amended as a matter of right, are addressed to the sound discretion of the trial court, that discretion must be exercised in the furtherance of justice and may not be exercised to defeat justice. *Estate of Carson,* 184 Cal 437, 194 P 5; *United Fuel Gas Co. v. Ironton,* 107 Ohio St. 173, 140 NE 884, 29 ALR 342; *Detroit Vapor Stove Co. v. Weeter Lumber Co.,* 61 Utah 503, 215 P 995, 29 ALR 659.

■ A motion to amend a pleading to conform to the facts should be allowed unless the other party is placed at a disadvantage in presenting its case, such as surprise or change in its cause of action, or in those instances where the delay in making the motion is so great that through this delay a party may have lost the testimony of witnesses to controvert the fact-issue presented by the motion.

■ The defendant could not in good conscience claim surprise or inability to properly cross-examine plaintiff's witnesses on the fact-issue presented by the motion. The only evidence upon this issue offered by plaintiff was the testimony of the defendant Michael Rountree when he was called as an adverse witness and his testimony offered without any objection from the defendants.

Neither does the amendment adding another specific allegation of negligence change the cause of action. *Ibach v. Jackson,* 148 Or 92, 35 P2d 672; *Hansen v. Oregon-Wash. R. & N. Co.,* 97 Or 190, 188 P 963, 191 P 655; *Doyle v. Southern Pac. Co.,* 56 Or 495, 108 P 201.

Nor could defendants contend, which they do not,

that the delay was of such long duration that they were not now in a position to controvert the issue tendered by the motion.

The defendants contend, even though the trial court was in error in denying the plaintiff's motion to amend, that by giving an instruction on control the negligence of the defendants in this respect was passed upon by the jury and plaintiff ought not now be permitted to complain.

The difficulty with this argument is that the trial court took from the jury all allegations of negligence except sentence (b) of paragraph V and then instructed the jury that plaintiff could not recover unless she established that defendants were "negligent as alleged in the amended complaint, and that the negligence, if any, was a proximate cause of her injuries."

██ If we are to assume the jury followed the instructions of the trial court, and we must presume it did, the jury, under the evidence offered, could not have found the defendant Michael Rountree negligent in operating "his vehicle at a speed greater than permitted him to exercise control" by decreasing speed or stopping to "avoid colliding with the vehicle in which plaintiff was riding."

We are of the opinion that the trial court committed reversible error in not permitting plaintiff to amend her complaint to conform to the facts.

█ The plaintiff also contends the trial court erred in not directing the jury that defendants were negligent as a matter of law because the defendant driver permitted his foot to slip from the brake to the accelerator, causing the vehicle to move forward.

The trial court did not commit error in denying this motion. Whether or not the defendant driver was

negligent in this respect was a question for the jury. *Stephenson v. Wallis*, 181 Kan 254, 311 P2d 355, 72 ALR2d 1; *Watford v. Morse,* 202 Va 605, 118 SE2d 681; Annotations 72 ALR2d 18.

The cause is reversed for a new trial.