·Argued January 7, affirmed February 16, 1966

## BLANCHETTE *v.* ARROW TOWING CO.

410 P. 2d 1010

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the brief was George A. Haslett, Jr.

*Thomas S. Moore,* Portland, argued the cause for respondent. With him on the brief were Maguire,

Shields, Morrison, Bailey & Kester, and Thomas E. Cooney.

Before McAllister, Chief Justice, and Perry, Sloan, Denecke and Lusk, Justices.

LUSK, J.

Plaintiff appeals from a judgment of involuntary nonsuit in an action to recover damages for a wrongful death.

The accident out of which the case grows occurred on the Salem Freeway in Portland shortly before 7:55 p.m. on August 27, 1963. The Freeway at the place of the accident has three southbound and three northbound traffic lanes, each 12 feet in width. A low steel fence or barrier divides the southbound from the northbound lanes. On the outside of the traffic lanes are paved shoulders, each 10 feet in width, designed for emergency parking.

On the evening in question Theodore Johnson, driver of a tow truck for the defendant, was proceeding south on the Freeway accompanied by a passenger when he observed an automobile on fire on the shoulder on the opposite side. He pulled his truck over to the left and parked it against the dividing rail, partly on a three-foot wide shoulder and partly on the inside traffic lane, turned on his flashing red beacon on the top of the truck and his flashing turn signal, and with his passenger ran across the north bound lanes carrying a chemical fire extinguisher to put out the fire. When that had been accomplished the two men returned to the truck and Johnson had just taken his seat in the truck when it was struck from the rear by a car driven by James Edward Blanchette, plaintiff's decedent.

The truck was about eight feet in width. The point of impact was in the center of the inside southbound traffic lane, some 30 feet from the west edge of the outside lane. Skid marks caused by the decedent's car measured 13 feet from the left front wheel, 15 feet from the right front wheel, eight feet from the left rear wheel, and eight feet from the right rear wheel.

Northward from the parked truck the highway was straight for a distance of one-fourth of a mile.

There is no evidence as to the weather, the condition of the pavement, whether wet or dry, or the volume of traffic. Neither is there testimony as to whether it was light or dark, but we may take judicial notice that on July 27, 1963, daylight saving time being then in effect, the sun set at 8:45 p.m.

All the evidence as to the actual occurrence of the accident was furnished by a Portland police officer who investigated it and, as a witness for the plaintiff, testified to a statement given him by Johnson.

■ The court allowed the defendant's motion for involuntary nonsuit on the ground that the decedent was guilty of contributory negligence as a matter of law. We think the ruling was correct.

The tow truck, with its beacon light and turn lights flashing, was visible for a distance of one-fourth of a mile to any motorist entering upon the straight stretch of highway to the north of the truck, and nothing in this record excuses the decedent's failure to see it, or, if he did see it, to avoid a collision either by applying his brakes or turning to the right into another lane of travel. In either case he did not exercise reasonable care.

Plaintiff argues that "[t]he combination of flashing red lights on the tow truck, smoke from the burn-

ing car, and the rays of the setting sun to the southwest together with vehicles or trucks preceding the plaintiff" accounts for his failure to see the tow truck. Since there is no evidence concerning these matters, save the flashing red lights—themselves a warning of danger—the argument lacks substance. No doubt, there was smoke from the burning automobile, but there is no evidence that it was carried west across the highway, thus obscuring the view of southbound motorists.

Plaintiff cites *Miller v. Harder,* 240 Or 418, 402 P2d 84, which, by a divided court, overruled *Lehr v. Gresham Berry Growers et al,* 231 Or 202, 372 P2d 488. In these cases the vehicles involved were both moving at the time of the accident and, in that respect as well as others, are distinguishable from the case at bar. This aside, it was not intended in the *Miller* case to announce a doctrinaire rule that every rear-end collision case must necessarily be submitted to the jury. No doubt it is a rare case arising out of an automobile accident—whether it be a rear-end collision or otherwise—in which it appears as a matter of law that the plaintiff is guilty of contributory negligence. This is a rare case. The plaintiff depended for his proof on the out-of-court statement of the defendant's employee, which is uncontradicted, and, together with the evidence as to the existing conditions, establishes the negligence of decedent as a contributing cause of his death. That a party may destroy his own case by the evidence he produces goes without saying.

■ The plaintiff argues that the presumption that the decedent exercised ordinary care should have sufficed to carry the case to the jury. To a similar contention in *Lemons et al v. Holland et al,* 205 Or 163, 208, 284 P2d 1041, 286 P2d 656, we answered that "under

the known facts and circumstances of this case, that presumption is overcome as a matter of law." Whether or not that is a satisfactory way of disposing of the worrisome problem of presumptions, it would be completely artificial to allow the presumption of due care to operate as a device for justifying a finding inconsistent with uncontradicted, trustworthy, sworn testimony.

The judgment is affirmed.

SLOAN, J., dissenting.

The majority rely on *Lemons et al v. Holland et al,* 1955, 205 Or 163, 284 P2d 1041, 286 P2d 656, 4 ALR2d 1253, to hold that the presumption of due care does not avail plaintiff in this case. The relationship of the parties in that case is the reverse of that in the instant one. In *Lemons* defendant was the one who was proceeding along the highway and it was held as a matter of law that she was not required to anticipate that some pedestrian would have negligently placed himself on the traveled portion of the highway. The opinion of the court said that:

"* * * It is elementary that negligence on her part could not be assumed from the mere happening of the accident. The accident occurred at a place where pedestrians are required to walk upon their lefthand side of the roadway facing approaching traffic (ORS 483.220), and are prohibited from crossing the same without first yielding the right of way to all vehicles upon the highway (ORS 483.210 (4)). The defendant, while operating her car, could not reasonably be expected, nor was she required, to anticipate that any pedestrian would be in any but his own proper place on the road, or that he would fail to yield the right of way." 205 Or 191.

Here, the decedent had the right to anticipate the same care on the part of others using the freeway that Margery Holland had in the *Lemons* case. If Johnson, the driver of defendant's tow truck, had been the plaintiff in this case he would then have been in a like position to *Lemons* in that case. Then the facts would have been comparable. In that event, as in the *Lemons* case, it would be obvious that there was concrete evidence to overcome the presumption. But that is not the case.

The majority, and the trial court, point to evidence of the distance of visibility that could have prevailed at the time of the accident, the flashing lights on the tow truck and so-called "existing conditions" to decide that there was evidence to overcome the presumption. There is no word of testimony in this case as to the conditions existing at the time the accident occurred. And the fact that the lights on the tow truck may have been observable would not warn an approaching driver that the tow truck was unlawfully and recklessly parked several feet onto the inner south bound lane of the freeway. There was no evidence at all of the actual existing facts. Accordingly, the presumption should take the case to the jury. *Doty v. Southern Pacific Co.,* 1949, 186 Or 308, 207 P2d 131; *Hillman v. North. Wasco Co. PUD,* 1958, 213 Or 264, 323 P2d 664.

In addition it was jury work to have decided if the flashing lights on the tow truck in the circumstances presented, gave the decedent adequate warning that the truck was parked on the traveled portion of the freeway. The case should have been submitted to the jury.