Argued April 7, reversed and remanded May 11, 1966

## TURNER *v.* JENTZEN ET AL

414 P. 2d 316

*Ralph Bolliger,* Beaverton, argued the cause for appellant. With him on the brief were Myatt, Bolliger & Lewis, Beaverton.

*Edwin J. Peterson,* Portland, argued the cause for respondents. With him on the brief were Earle P. Skow and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff brought this action to recover damages for personal injuries alleged to have been incurred in an automobile accident between vehicles driven by plaintiff and defendant respectively. Plaintiff was operating a tow-truck in a northerly direction on Southwest Barnes Road. He was towing a vehicle which he had just pulled from the ditch. His truck and tow combined were about 35 feet long. Barnes Road is a two-lane paved road 22 to 25 feet wide marked with a yellow center line. At a point variously estimated to be 40 to 75 feet south of a curve in the road to the west the plaintiff stopped to make sure there was no on-coming traffic and then commenced a left turn. He intended to turn into a church parking lot on the west side of the road for the purpose of turning around.

As plaintiff commenced his turn, defendant's vehicle came around the curve traveling south. Plaintiff immediately stopped with the front of his vehicle about

a foot over the yellow line on defendant's side of the road. As defendant's vehicle came around the curve it was straddling the center line. It commenced skidding 50 feet prior to colliding with plaintiff's vehicle and turned broadside in the road while skidding. The car was occupying both lanes of travel at the time of impact. The pavement was wet and the curve was sharp, blind and banked the wrong way. Defendant's vehicle was being operated downhill.

At the completion of plaintiff's case the court granted defendant's motion for an involuntary nonsuit on the basis that plaintiff was contributorily negligent as a matter of law for making a left turn into a private driveway without first seeing that it could be made in safety. Plaintiff appealed.

■■ The above statement of facts is the construction of the evidence most favorable to plaintiff. That is the view we are required to take in considering the correctness of an involuntary nonsuit. *Gordon Creek Tree Farms, Inc. v. Layne,* 230 Or 204, 218, 358 P2d 1062, 368 P2d 737 (1962); *Hayes v. Killinger,* 235 Or 465, 470, 385 P2d 747 (1963); *Blair v. United Finance Co.,* 228 Or 632, 637, 365 P2d 1077 (1961). We agree with the trial judge that plaintiff was negligent in attempting to make a left turn under the circumstances then and there existing. He was within 75 feet of a blind corner. His two vehicles were 35 feet long. He was on the downhill side of the curve and the pavement was wet. He commenced the turn in low gear from a standing position. An attempted turn under these circumstances was considerably lacking in foresight because if another vehicle came around the curve plaintiff would have been unable to clear the opposite lane of traffic in time.

██ However, before a judgment of involuntary nonsuit can be granted, such negligence must have been the legal cause of the accident. Plaintiff had barely commenced to turn and was only a foot over the center line. From the evidence of the manner in which defendant's car was being driven, a jury could have found that the collision would have occurred even though plaintiff had been completely on his own side of the road. If that were found to have been the case, a jury could conclude that plaintiff's attempted turn was not a substantial factor contributing to the accident. On the other hand, defendant's skid could be found to have been the result of applying his brakes when he thought plaintiff was going to complete his turn. Plaintiff said it *looked like* defendant was applying his brakes. On that basis plaintiff's actions could be determined responsible for defendant's loss of control. However, this was a factual matter for the jury to determine from all the evidence.

The judgment of the trial court is reversed, and the case remanded for a new trial.