Argued December 3, 1965, affirmed May 11, 1966

# McPHERSON *v.* COCHRAN ET AL

414 P. 2d 321

*Mercedes F. Deiz,* Portland, argued the cause for appellant. With her on the briefs was Nels Peterson, Portland.

*Arden E. Shenker,* Portland, argued the cause for respondents. With him on the brief were Earle P. Skow, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

McALLISTER, C. J.

This is an action for damages sustained by plaintiff when his car was struck from the rear by a car

operated by defendant Clarence Cochran, who will be referred to as if he were the sole defendant. The jury returned a verdict for defendant, and plaintiff appeals.

■ Since the jury found for the defendant, we are required to view the evidence in the light most favorable to him. *Gordon Creek Tree Farms v. Layne,* 230 Or 204, 218, 358 P2d 1062, 368 P2d 737 (1962); *Rauw v. Huling and Sparks,* 199 Or 48, 64, 259 P2d 99 (1953). Actually, there is little dispute about the controlling facts. The accident occurred west of Portland on January 1, 1963 at about 2:30 p.m. It was raining and the pavement was slick. Plaintiff was driving east on Barnes Road, intending to make a left turn onto Skyline Boulevard. Plaintiff stopped at the intersection, and while stopped was struck from the rear by defendant's car. Before reaching the intersection plaintiff had passed defendant's car, which was traveling in the same direction. After passing defendant's car, plaintiff saw it in his mirror, but because of a curve in the road did not see it when he stopped. Defendant testified that as he rounded the curve he saw plaintiff's vehicle stopped less than 100 feet in front of him, partially in the east-bound lane and partially in the west-bound lane of Barnes Road; that he applied his brakes the instant he saw the car ahead; that his wheels locked and he slid on the wet pavement into the rear of plaintiff's car. The jury could have found, however, from the testimony of defendant's wife, who was riding with him, that when defendant's car rounded the curve plaintiff's car was still moving and then stopped suddenly, blocking the road. She testified:

"Q Was his [plaintiff's] car moving or stopped when you first saw it?

"A Well, it was moving. It had been moving when I first saw it, and just for a second, then it apparently wasn't moving, and so I said, 'My

gosh, he stopped.' And of course there wasn't room for us to go around to the right of him, or to the left of him, either."

Defendant's speed as he approached the intersection was about 35 miles per hour, and his speed at impact was about five miles per hour.

■ Plaintiff in his principal assignments of error contends that the court erred in not instructing the jury that the defendant was negligent as a matter of law, and in not taking from the jury the charges of contributory negligence. Since we overruled *Lehr v. Gresham Berry Growers,* 231 Or 202, 372 P2d 488 (1962), we have again followed the rule that except in rare cases the issues of negligence, contributory negligence and causation in automobile collision cases are for the jury. *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965); *Rogers v. Green,* 241 Or 435, 406 P2d 553 (1965); *Morrill v. Rountree,* 242 Or 320, 408 P2d 932 (1965); *Ewing v. Izer,* 243 Or 367, 412 P2d 795 (1966); *Turner v. Jentzen,* 243 Or 427, 414 P2d 316 (1966). For one of the rare exceptions see *Blanchette v. Arrow Towing Co.,* 242 Or 590, 410 P2d 1010 (1966). We cannot hold as a matter of law that either plaintiff or defendant was negligent, or free from negligence. Those issues, together with the issue of causation, were for the jury. ORS 483.126(1) requires that the driver of a car upon a highway before stopping shall first see that such movement can be made in safety. The requirement of this statute is in part for the benefit of vehicles approaching from the rear. *Voight v. Nyberg,* 218 Or 383, 388, 345 P2d 821 (1959). The jury was not required to find the facts in conformity with the defendant's testimony, but was entitled to accept the wife's version of how plaintiff brought his car to a stop. *Valdin v. Holteen and Nordstrom,* 199 Or 134,

145, 260 P2d 504 (1953); *Bockman v. Mitchell Bros. Truck Lines,* 213 Or 88, 98, 99, 320 P2d 266, 69 ALR2d 152 (1958). The court did not err in submitting the issues of negligence and causation to the jury.

██ The plaintiff assigns as error the withdrawal from evidence of an axle hub which plaintiff had offered as demonstrative evidence of the extent of the damage to his car. The axle was first admitted when plaintiff qualified as an expert and testified that the axle was knocked out of alignment in the accident, and as a consequence crystallized and broke with use. When it appeared that the axle did not break until the car had been driven some 2000 to 3000 miles after the accident, the court ordered the exhibit withdrawn and excluded from evidence. The trial court did not abuse its discretion in excluding this exhibit. *White v. Keller,* 188 Or 378, 388, 215 P2d 986 (1950). In any event, the ruling was not prejudicial since plaintiff testified in detail concerning the damage to his car and offered photographic evidence of it.

█ In another assignment plaintiff alleges that the court erred in permitting cross-examination of plaintiff as to prior law suits for injuries. Our Rule 19 provides in part as follows:

"* * * The assignments of error must be specific and must set out haec verba the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

This assignment does not set out any question asked on cross-examination, the objection thereto, or the answer given. We, therefore, decline to consider this assignment.

■ Plaintiff's last assignment alleges that the court erred in giving the following instruction:

"Preponderance of evidence means the greater weight of substantial evidence, not necessarily the greater number of witnesses nor the greater volume of the evidence, but the more convincing evidence. It may be defined as requiring proof that the facts asserted were more probably true than false."

Plaintiff excepted to the use of the adjective "substantial" in the first sentence quoted above, contending that it suggested a higher degree of proof than was necessary. Although the use of "substantial" was unnecessary, we think it was not error. We so held in *Stewart v. Pulido,* 223 Or 136, 354 P2d 298 (1960), concerning a similar use of the word "satisfactory." The second sentence quoted above put the matter in proper perspective by requiring proof that "the facts asserted were more probably true than false." *Cook v. Michael,* 214 Or 513, 528, 529, 330 P2d 1026 (1958). When the instructions are read as a whole, it is clear that the jury could not have been misled by the use of the word "substantial" in this instance.

The judgment is affirmed.

HOLMAN, J., specially concurring.

The majority opinion says that a jury question exists as to defendant's negligence because defendant's wife saw plaintiff stop suddenly. The wife's perceptions were irrelevant because defendant testified that plaintiff's car was already stopped when he first saw it.

I concur in the result because there was evidence that plaintiff's vehicle stopped short of the normal place at which a vehicle would stop for the intersection with Burnside Street. In doing so, plaintiff stopped at

an angle in the road blocking both lanes of traffic. This, in my opinion, would make a jury question as to whether plaintiff was negligent. It would also make a jury question as to defendant's negligence because the jury could have found that upon rounding the curve a reasonably prudent person would not have expected to find someone stopped in plaintiff's position.