Argued November 15, 1968, affirmed January 15, 1969

SIMMONS, *Respondent, v.* YORK ET AL, *Defendants,* and
INDEPENDENT MOTOR TRANSPORT,
INC. ET AL, *Appellants.*

449 P. 2d 645

*George L. Hibbard,* Oregon City, argued the cause for appellants. On the brief were Hibbard, Jacobs, Caldwell & Canning, Oregon City.

*Patrick D. Gilroy,* Oregon City, argued the cause for respondent. With him on the brief were Schumaker and Gilroy, and William E. Schumaker, Oregon City.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LANGTRY, Justices.

SLOAN, J.

Plaintiff was driving her car along 82nd Drive in Portland when she stopped in response to a red light on a traffic control signal at an intersection. After she had been stopped for an appreciable time she observed, through the rear view mirror, a large truck approaching the rear of her car at too great a speed to stop. The truck, driven by defendant York, struck the rear of plaintiff's car, causing her injury. In this action plaintiff recovered. Defendant appeals.

It developed that the truck driven by defendant York was owned by defendant S & H Trucking Company. York was an employe of that company. However, on the date of the accident the truck, plus the driver, were subject to a lease in favor of defendants Spencer, who were doing business by the assumed name of Independent Motor Transport.

Defendant York did not appear at the trial of the case. The only evidence relative to the happening of the accident was given by plaintiff and her husband, who was riding with her at the time. The trial court directed a verdict in favor of plaintiff on the liability issue. Defendant argues, in reliance on *Miller v.*

*Harder,* 1965, 240 Or 418, 402 P2d 84, that the issue of negligence was for the jury.

The case is distinguishably different from *Miller v. Harder.* Here, the only evidence was that plaintiff's car had been stopped and the only permissible inference is that York simply approached the car at too great a speed to enable him to stop the truck. This is one of the few cases in which the inference of the negligence of a party is the only inference that the evidence suggests. See *Blanchette v. Arrow Towing Co.,* 1966, 242 Or 590, 410 P2d 1010.

■ The trial court then submitted to the jury the issue as to whether S & H Trucking Company or Independent Motor Transport was responsible for the operation of the truck at the time of the accident. Defendant, Independent Motor Transport, claims it was entitled to a directed verdict in its favor on this issue.

The truck and driver, as mentioned, were subject to lease from S & H Trucking Company to Independent Motor Transport. The lease provided that Independent Motor Transport would have "sole possession, responsibility and control" of the truck during the life of the lease. Defendant Independent Motor Transport presented evidence, which it claims is conclusive, that Independent Motor Transport had completed its use of the truck and that York was returning the truck to S & H Trucking Company at the time of the accident. Independent Motor Transport also asserts that S & H Trucking Company was responsible because it paid York's wages and by other indicia was the sole and responsible employer of York at the time.

The evidence relative to the issue in dispute was conflicting. The lease term had not expired and there was believable evidence that Independent Motor Transport had not completed its need for the truck and that

the lease had not expired. *Hopfer v. Staudt,* 1956, 207 Or 487, 298 P2d 186. It was proper for the court to submit the issue to the jury.

The assignments of error are without merit. The judgment is affirmed.