Argued January 15, affirmed February 15, 1973

# LEITE, *Appellant, v.* SAMBO'S
# RESTAURANTS, INC. ET AL, *Respondents.*

506 P2d 176

*William F. Schulte,* Portland, argued the cause for appellant. With him on the briefs was John W. Brugman, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent Sambo's Restaurants, Inc. A. Thomas Cavanaugh, Portland, argued the cause for respondents Nesbitt. With them on the brief were Schouboe & Cavanaugh, P. C., Kenneth E. Roberts, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN and BRYSON, Justices.

BRYSON, J.

This is an action for personal injuries resulting from an automobile-pedestrian collision. A jury returned a verdict for defendants, and plaintiff appeals. We affirm.

The accident occurred during daylight on a sidewalk adjacent to Sambo's Restaurant, located on the northeast corner of 23rd and West Burnside Streets in Portland, Oregon. The sidewalk at this location was also a driveway exit which allowed vehicles in Sambo's parking lot to enter Burnside Street. Plaintiff testified that while he was walking on the sidewalk a vehicle operated by defendant Billy Ann Nesbitt emerged from the parking lot and pushed him off the curb where he fell. The driver of the vehicle, employed by Sambo's Restaurants, Inc. (partly owned by defendant William G. Nesbitt), testified that she drove up to the sidewalk, checked for pedestrians, and proceeded onto the sidewalk, intending to make a left turn onto Burnside Street. She waited with her car across the sidewalk until she had an opportunity to turn east on Burnside Street; she then glanced to her right to check the traffic and observed plaintiff at the right front fender of her car with his hands in the air, falling backwards into the street. She felt no impact with plaintiff and testified that her car rolled slightly (about a foot) when she first observed plaintiff.

Wilbur Williams, a customer in the restaurant with a clear view of the scene at a short distance, testified that plaintiff was not walking in a straight line and was swaying slightly as he approached the driveway. He testified that when plaintiff approached the right side of the car he went backwards, caught his foot and fell into the street. According to Williams, the car was not in motion and never came in contact with plaintiff's person.

Plaintiff assigns as error the failure of the trial court to instruct the jury that defendant Billy Ann Nesbitt had been negligent as a matter of law for fail-

ing to maintain and exercise a proper lookout. Plaintiff relies primarily on ORS 483.126 (1)[①] and 483.222[②] and cases stating the rule that where there is a duty to look, a failure to observe that which is plainly visible is negligence. Plaintiff argues that plaintiff was clearly visible and that the driver of the car was negligent in failing to see a pedestrian as required by the cited statutes.

■■ Since the jury found for defendants, we must view the evidence in a light most favorable to defendants. *McPherson v. Cochran,* 243 Or 399, 401, 414 P2d 321, 322 (1966). There was evidence from which the jury could find that at the time plaintiff fell defendants' vehicle was already across the sidewalk and had been sitting there awaiting vehicular traffic to clear so it could enter the main traveled portion of the street. In such a situation it would be a question of fact for the jury whether the operator of the vehicle, in the exercise of reasonable care, should keep watching pedestrians approaching the side of the vehicle as it sat on the sidewalk or whether she should be principally engaged in observing vehicular traffic on the

---

[①] ORS 483.126 (1):

"The driver of any vehicle upon a highway before starting, stopping, changing lanes or turning from a direct line shall first see that such movement can be made in safety. If any pedestrian may be affected by such movement the driver shall give a clearly audible signal by sounding the horn. Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement."

[②] ORS 483.222:

"The driver of a vehicle within a business or residence district emerging from an alley, driveway or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway."

street. The jury could find that the danger to be apprehended from someone walking into the side of a vehicle sitting across the sidewalk in plain view was so minimal that a reasonably prudent person would be directing his attention to vehicular traffic on the street.

■ ORS 483.222 is of no aid to plaintiff because there is abundant evidence from which the jury might conclude that defendants satisfied the duty described therein; this statute pertains to stopping. The driver, defendant Nesbitt, was required to keep a reasonably continuous lookout but was not required to continuously look for danger or the plaintiff from a particular area unless, under similar circumstances, such lookout would be maintained by a reasonably prudent person. *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 652, 316 P2d 302 (1956); *Francis v. Burns,* 255 Or 156, 164, 458 P2d 934 (1970). The requested instruction that the defendant driver was negligent as a matter of law was properly denied.

■ Plaintiff contends that the trial court committed prejudicial error by paraphrasing the language of ORS 483.126 in one of its instructions. This argument is not properly assigned as error under Rule 2.35 since it is not stated under a separate heading and does not set out the pertinent portion of the record for our attention. Further, the plaintiff's "Statement of the Case" does not refer to a single transcript page number or record citation. Therefore, we decline to consider the contention. *Melgreen et ux v. McGuire, Inc., et al,* 214 Or 128, 135, 327 P2d 1114, 1117 (1958).

The final assignment of error is that "[t]he Court erred in failing to instruct the jury that as a matter of law, the defendants had been negligent for failure to yield the right of way to the plaintiff."

Again, plaintiff's brief does not set forth the instruction requested or refer to the transcript page or record citation; nor does it state the instruction given by the court. It is only by reference to defendants' brief that we may determine that which is probably contended. Relying on ORS 483.024 (1),[3] 483.210 (1),[4] and *Durkoop v. Mishler,* 233 Or 243, 378 P2d 267 (1963), plaintiff contends that a pedestrian on a sidewalk has a common law right-of-way and that when a motorist crosses a sidewalk he has a duty to see and look out for pedestrians and if he does see them, to yield.

■■ In *Durkoop* we held that the trial court correctly submitted to the jury the issue of whether a reasonable man, in fulfilling his duty of care under ORS 483.222 to look out for pedestrians on a sidewalk before crossing it, would have seen a pedestrian in the deceased's position before proceeding. Although sidewalks are intended for pedestrian use, they are a part of the street. ORS 483.024 (1). ORS 483.210 (1) refers to the curb as a place of safety. This is not because of an absolute pedestrian right-of-way in the curb and sidewalk, but because vehicles travel over

---

[3] ORS 483.024 (1):

"'Sidewalk' means that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians."

[4] ORS 483.210 (1):

"When traffic control signals, if any, are not in operation, a driver of a vehicle shall stop and yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, if the pedestrian is on the half of the roadway on and along which the vehicle is traveling or is approaching such half from the other half of the roadway so closely as to be in danger; but in proceeding to cross, or in crossing, the roadway the pedestrian shall not leave a curb or other place of safety suddenly and move into the path of a vehicle which is so close that it is impossible for the driver to yield."

the roadway portion of the street more commonly than the sidewalk. While using the streets, both driver and pedestrian remain subject to a duty to exercise due care. ORS 483.210 (5). Nothing in *Durkoop* contradicts or expands these basic principles.

■ ORS 483.222 establishes the duty of care for motorists before they cross a sidewalk. We have been cited to no statute which abrogates the common law duty of due care with respect to the motorist's obligation to pedestrians once he is proceeding across the sidewalk. In the absence of legislative precept, we are disinclined to hold that one party has a superior right-of-way on the sidewalk portion of the street, or that the vehicle driver, while crossing a sidewalk, owes the pedestrian any duty other than reasonable care. *See Lee v. Hoff*, 163 Or 374, 384-85, 97 P2d 715, 719 (1940); 3 Blashfield, Automobile Law and Practice § 141.2 (3d ed 1965).

There was evidence from which the jury could find that Mrs. Nesbitt took reasonable precautions and stopped before driving onto the sidewalk and continued to use due care while she occupied the sidewalk. Any question of her negligence under these circumstances was properly left to the jury.

Affirmed.