Argued June 10, affirmed November 12, 1976

# PARKS, *Appellant,*
## *v.*
# SMITH, *Respondent.*

556 P2d 114

*Stephen R. Skipton,* of Naslund & Armstrong, P.C., Springfield, argued the cause and filed briefs for appellant.

*William G. Wheatley,* of Jaqua & Wheatley, Eugene, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and McAllister, Tongue, and Howell, Justices.

McALLISTER, J.

## McALLISTER, J.

The plaintiff, Adrienne Parks, brought this action for damages for injuries sustained when an automobile driven by defendant collided with a motorcycle on which plaintiff was riding. The jury returned a verdict for defendant and plaintiff appeals.

Plaintiff's brief states that the primary issues on appeal are (1) whether defendant was negligent as a matter of law; (2) whether the court erred in withdrawing from consideration by the jury of plaintiff's allegations that defendant was negligent in failing to sound her horn and in changing lanes while nearing the intersection; and (3) whether the court erred in refusing to give to the jury certain instructions requested by the plaintiff.

Since the jury returned a verdict for defendant, we consider the evidence in the light most favorable to her. *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 490, 509 P2d 1199 (1973). There was evidence from which the jury could have found the following facts.

The collision occurred north of Eugene at the intersection of Highway 99 and Prairie Road. Highway 99 had two lanes for northbound traffic and two lanes for southbound traffic. Highway 99 also had at the intersection left turn lanes for both north and southbound traffic. The intersection was controlled by traffic lights.

At about 4:30 p.m. on July 23, 1973 plaintiff was riding on a motorcycle operated by her husband. The motorcycle had been traveling south on Highway 99 and had stopped in the left turn lane at the intersection, intending to turn left onto Prairie Road.

At the same time defendant was driving north on Highway 99 toward the same intersection. She was in the left of the two northbound lanes, the light was red, and there were three vehicles stopped at the light in front of her. About 10 car lengths from the intersec-

tion defendant changed into the right northbound lane where there were no cars ahead of her. At about the time she changed lanes, the light at the intersection turned green and defendant continued into the intersection. As she crossed the intersection she collided with the motorcycle which was turning left across the two northbound lanes in front of the cars stopped in the left northbound lane.

There was evidence that the driver of a camper at the head of the line of vehicles in the left northbound lane had motioned the motorcycle to turn left in front of him just after the light turned green. Plaintiff was seriously injured.

At the outset we find no merit in plaintiff's contention that the court erred in denying her motion for a directed verdict and in refusing to instruct the jury that defendant was negligent as a matter of law and that her negligence was a cause of the collision. All of those questions were properly submitted to the jury. See *Pitcher v. Leathers,* 270 Or 666, 529 P2d 381 (1974). We quote from that case:

> "Since *Miller v. Harder* [240 Or 418, 402 P2d 84 (1965)] this court has again followed the rule that, except in rare cases, the issues of negligence, causation and contributory negligence in automobile collision cases are questions for the jury. *Rogers v. Green,* 241 Or 435, 406 P2d 553 (1965); *Morrill v. Rountree,* 242 Or 320, 408 P2d 932 (1965); *Ewing v. Izer,* 243 Or 367, 412 P2d 795 (1966); *Turner v. Jentzen,* 243 Or 427, 414 P2d 316 (1966); *McPherson v. Cochran,* 243 Or 399, 414 P2d 321 (1966). Those rare cases in which negligence has been found as a matter of law include *Blanchette v. Arrow Towing Co.,* 242 Or 590, 410 P2d 1010 (1966), and *Simmons v. York,* 252 Or 279, 449 P2d 645 (1969)." 270 Or at 670.

We think the trial court did not err when it struck from the plaintiff's complaint the allegations that defendant was negligent in the following particulars:

> "In failing to give a suitable and/or audible signal under the conditions then and there existing."

"In changing lanes and passing on the right while approaching an intersection, without first seeing that such movements could be made in safety."

■■ An allegation of negligence should not be submitted to the jury if there is no evidence to support it and if there is no causal connection between the negligence charged and the collision. *Krening v. Flanders,* 225 Or 388, 394, 358 P2d 574 (1961). In this case there was evidence that the defendant could not see the motorcycle until it emerged from in front of the vehicle in the left northbound lane and that it was then so close that defendant did not have time to sound her horn and no evidence that sounding the horn could have prevented the collision.

There was no evidence tending to prove that defendant was negligent in moving from the left lane to the right lane shortly before the collision. Defendant had a right to change lanes if she wished to do so and, again, there is no evidence that her lane change or her passing the cars standing in the left northbound lane was causally related to the accident.

■ Plaintiff attempted to impeach one of her witnesses who testified as to the speed of defendant's vehicle by showing that the witness had stated at another time that the car was going faster. The court sustained defendant's objection to this effort to impeach the witness and plaintiff assigns this as error. In *State v. Merlo,* 92 Or 678, 699, 173 P 317, 182 P 153 (1919) this court stated the applicable rule as follows:

"* * * If the witness merely fails to testify as he was expected to do, or fails to testify as strongly as was expected, or gives testimony which is favorable to neither party, and does not give testimony prejudicial to the party calling him, then the party producing the witness cannot impeach him by showing inconsistent statements. * * *"

We think the trial court did not err in its ruling on this question.

Plaintiff assigns as error the failure to give the following requested instruction:

"The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact in dispute.

"You may believe the testimony of one witness as against that of a greater number, or the reverse."

However, the court instructed the jury as follows:

"I instruct you that every witness is presumed to speak the truth. This presumption may be overcome by the manner in which the witness testified, by the nature of his testimony, by evidence affecting his character, interest or motives or by contradictory evidence or by a presumption. You are not bound to find in conformity with the declarations of any number of witnesses which do not produce conviction in your mind as against a lesser number or as against a presumption or other evidence satisfying your minds.

"You are not to count the number of witnesses, but rather you are to weigh the evidence. A witness found to be intentionally false in a part of his testimony is to be distrusted by you in others, and you, members of the jury, as determiners of facts in the case, are the ones to determine if a witness has been intentionally false in part of his testimony."

We think the requested instruction was covered by the last sentence of the first paragraph quoted above and by the first sentence of the second quoted paragraph.

From *Wills v. Petros et al,* 225 Or 122, 126, 357 P2d 394 (1960) we quote the following:

"The right of a litigant to have his theory of the case presented to the jury is unquestioned, but it is not error for the trial court to refuse to give a requested instruction even though the refused instruction constitutes an accurate statement of the law when the substance of the instruction given can be found in any other instructions given. * * *"

We have carefully examined the other assignments of error and believe they are without merit and need no further comment in this opinion.

The judgment is affirmed.