Argued and submitted April 16, affirmed July 14, 1980

VICKERS,
*Appellant,*
*v.*
STORES, et al,
*Respondents.*

(78-8308, CA 15359)

613 P2d 1094

Alan L. Ludwick, Springfield, argued the cause and filed the briefs for appellant.

[89]

Richard A. Roseta, Eugene, argued the cause for respondent. With him on the brief was Flinn, Brown & Roseta, Eugene.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff appeals from a judgment for defendants in an action for personal injuries suffered by plaintiff in a collision. Plaintiff's vehicle was struck from the rear by a log truck of defendant Stores being driven by defendant Warner. We affirm.

■ Plaintiff first contends that the trial court erred in refusing to include in its instructions to the jury a reading of ORS 487.235[1] as requested by plaintiff. There was no error in refusing this requested instruction because there was no issue of careless driving before the jury. Following the presentation of evidence, the court struck the allegation of careless driving from plaintiff's amended complaint. There being no allegation of careless driving for the jury to consider, there was no reason for an instruction regarding the careless driving statute.[2]

■ Plaintiff also contends that the court erred in refusing to direct a verdict in plaintiff's favor. Since *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965), it has generally been held that issues of negligence in rear-end collision cases should be submitted to juries. In some cases, however, directed verdicts have been held to be proper. *Stevenson v. Hole,* 269 Or 530, 525 P2d 1015 (1974), *Simmons v. York,* 252 Or 279, 449 P2d 645 (1969), and *Blanchette v. Arrow Towing Co.,* 242 Or 590, 410 P2d 1010 (1966). Plaintiff asserts that this

---

[1] ORS 487.235 provides:

"(1)   A driver shall not drive a vehicle upon a highway or premises open to the public,* * *in a manner that endangers or would be likely to endanger any person or property.

"(2)   A driver who violates subsection (1) of this section commits a Class B traffic infraction."

[2] Plaintiff had not assigned as error the striking of the allegation of negligence based on ORS 487.235.

is such a case. We have reviewed those "rare cases" cited by plaintiff and are satisfied that a directed verdict would not have been justified under the facts of this case.

Affirmed.