Argued and submitted June 24, 1987, reversed and remanded with instructions
April 6, 1988

FISCHER,
*Respondent,*

*v.*

KOMBOL,
*Appellant.*

(85-8-233; CA A40744)

752 P2d 349

Todd Bradley, Hillsboro, argued the cause for appellant. With him on the briefs was Carrell F. Bradley, Hillsboro.

Jas J. Adams, Portland, argued the cause for respondent. With him on the brief was Acker, Underwood & Smith, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action to recover damages for injuries sustained in an automobile accident allegedly caused by defendant's negligence. The jury returned a verdict for defendant. Plaintiff filed a motion to set aside the judgment and grant a new trial, arguing that the trial court erred in failing to grant plaintiff's motion for a directed verdict. ORCP 64B(5) and (6). Defendant assigns error to the trial court's granting of the motion for new trial. We reverse.

A new trial may be granted only when there is a substantial chance of prejudice to the moving party from asserted error during the trial. *Libbee v. Permanente Clinic,* 269 Or 543, 547, 525 P2d 1296 (1974). Generally, the decision to grant a new trial is committed to the discretion of the trial court. *Hoy v. Jackson,* 23 Or App 681, 687, 543 P2d 1086 (1975). However, under ORCP 64B, before the trial court may exercise its discretion to grant a new trial on grounds of insufficient evidence to justify the verdict or of an error of law, it must be established that the evidence was insufficient or that it was an error of law not to direct the verdict. *Daskalos v. Kell,* 280 Or 531, 534, 571 P2d 141 (1977). When, as in this case, the decisive issue is the sufficiency of the evidence, the jury verdict must stand unless the trial court can affirmatively say that there is no evidence to support it. Or Const Amended Art VII, § 3;[1] *Daskalos v. Kell, supra.* In reviewing the record to determine whether there is any evidence, we view the evidence, including inferences, in the light most favorable to defendant. *Daskalos v. Kell, supra.*

Plaintiff argues that there was no evidence of a sudden stop by her vehicle and that, therefore, defendant was negligent as a matter of law. However, except in unusual instances, the issues of negligence, contributory negligence and causation in automobile collision cases are for the jury. *McPherson v. Cochran,* 243 Or 399, 402, 414 P2d 321 (1966). The reason for this rule is that automobile collision cases are inherently fact bound, and to hold otherwise would result in our weighing and deciding questions of fact, which properly

---

[1] Or Const, Art VII (amended), § 3, provides, in part:

"In actions at law * * * no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict * * *."

belong to the jury. *Hess v. Larson,* 259 Or 282, 287, 486 P2d 533 (1971).

■        Evidence that the lead vehicle in a rear-end collision suddenly stopped does support an inference that the rear vehicle was not negligent. However, it is not the only evidence which will support the inference and, therefore, is not required to prevent a directed verdict in favor of the lead vehicle. Accordingly, in determining whether defendant was negligent as a matter of law, the inquiry is not exclusively whether there was evidence of a sudden stop but, rather, whether there was evidence from which the jury could find that defendant's conduct was reasonable under the circumstances.

There was evidence from which the jury could have found that defendant's conduct was not negligent. Plaintiff and defendant were traveling northbound on Interstate 5 during early morning rush hour traffic. Plaintiff was ahead in the left-hand lane, and their vehicles were separated by a pickup truck. The pickup rode higher off the ground than defendant's car, obscuring her vision of the traffic immediately ahead of the pickup. Both plaintiff and defendant were aware of signs in the area indicating that construction work was in progress. Although traffic was heavy, it was proceeding without stops. Defendant was traveling approximately 40 to 45 miles per hour. As defendant was following the pickup, it suddenly swerved out of the lefthand lane and into the right lane, revealing that plaintiff's car was stopping just 30 feet ahead. The pickup just barely got into the other lane without getting hit by ongoing traffic.

Although the evidence is conflicting, there was evidence that the pickup truck swerved only after plaintiff began to stop her car.[2] Defendant immediately slammed on her

---

[2] Plaintiff testified:

"I was just south of the Haines exit, traffic stopped. It's kind of a little bit of an incline because you could see brake lights going on. I stopped. There was a pickup behind me. He did move into the other lane. I saw him as I was stopped. Then I saw the red car come up behind me. I braced myself and I got hit."

However, defendant testified:

"Q. And when he turned to the right, what did you observe?

"A. I observed that everything was stopping and I needed to stop.

"Q. Did you at that time observe the car that was—that you later learned was

brakes but was unable to stop completely before colliding with plaintiff's car. There was no direct evidence that defendant was traveling above the speed limit, that her car was in any way out of control before the incident, that she was following too closely behind the pickup or that it had signaled before suddenly swerving. There was also no evidence that traffic in the right hand lane was stopping before the truck's action.

Although the evidence might support other inferences, it was sufficient to support an inference that plaintiff suddenly stopped her car or that the driver of the pickup truck was negligent in failing to maintain a proper lookout and following too closely behind plaintiff's vehicle, resulting in the truck driver's inability to decrease his speed in a reasonable manner. This is not a case in which the lead car was stopped for an appreciable amount of time before the collision and where the only possible inference is that the driver of the rear vehicle was negligent. *See Stevenson v. Hole,* 269 Or 530, 525 P2d 1015 (1974); *Simmons v. York,* 252 Or 279, 449 P2d 645 (1969); *Blanchette v. Arrow Towing Co.,* 242 Or 590, 410 P2d 1010 (1966). Accordingly, the evidence was sufficient to present a jury question regarding defendant's negligence. Therefore, the trial court improperly granted a new trial.

Plaintiff also argues that the trial court could have granted a motion for a new trial on the basis of defendant's inadvertent mention of insurance during trial. Determining whether the inadvertent interjection of insurance in a case is prejudicial and warrants the granting of a new trial is a discretionary decision for the trial court. *See Blake v. Webster Orchards,* 249 Or 348, 354, 437 P2d 757 (1968). The trial court found that there was no prejudice, and we find no reason to disturb the ruling.[3]

---

driven by Mrs. Fischer?

"A. I sure did. It was right in front of me.

"Q. And was it stopped?

"A. It was slowing down. It was not stopped at this point.

"Q. Not stopped?

"A. We were all slowing down. And if she would just—I just needed a couple more feet and I would not have hit her. It was that close."

[3] We have not been provided with a sufficient record to address plaintiff's remaining argument.

Reversed and remanded with instructions to reinstate the verdict.