On Respondents' Motion to Dismiss filed December 24, 1996, motion to dismiss denied August 13, 1997

## Andy TURUDIC
### and Luisa Turudic,
*Appellants - Cross-Respondents,*

*v.*

## William STEPHENS,
### dba Susan Estates Residents' Association,
### Susan Estates Homeowners Association,
### and John Albin,
*Respondents - Cross-Appellants.*

## (CV95-094; CA A95493)

943 P2d 1110

Matthew W. Derby and Danny Lang and Associates for motion.

Larry A. Brown and Robert M. Johnstone, P.C., *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendants move to dismiss plaintiffs' appeal on the ground that the notice of appeal was not timely filed. We deny the motion.

Following a trial without a jury, on October 2, 1996, the trial court entered judgment in plaintiffs' favor in part and in defendants' favor in part. On October 14, plaintiffs filed a "motion for judgment notwithstanding the verdict," contending that the trial court's decision was "against the weight of the evidence."[1] Defendants responded that, because the case was tried to the court, the motion for judgment notwithstanding the verdict was inappropriate. In the alternative, defendants argued that the evidence, viewed in the light most favorable to them, was sufficient to support the trial court's findings and conclusions. In reply, plaintiffs acknowledged that a motion for judgment notwithstanding the verdict is not appropriate in a bench trial and asked that the motion be considered a request for a new trial under ORCP 64. The motion was deemed denied on the 56th day following entry of the judgment, November 27, 1996. ORCP 63 D; ORCP 64 F. Plaintiffs filed a notice of appeal on December 4, 1996.

**1.** In support of their motion, defendants argue that, because the notice of appeal was filed more than 30 days after entry of the judgment, the appeal must be dismissed pursuant to ORS 19.026(1). Plaintiffs argue that the notice of appeal was timely filed, because the motion for judgment notwithstanding the verdict served to extend the time within which the notice must be filed, pursuant to ORS 19.026(2). Defendants reply that, while a motion for judgment notwithstanding the verdict does have that effect in appropriate cases, because this case was tried to the court without a jury, the motion was a nullity and had no such effect. Plaintiffs reply that, although defendants are correct that the motion

---

[1] This motion was timely. Motions for judgment notwithstanding the verdict and motions for a new trial must be filed within ten days after entry of the judgment. ORCP 63 D; ORCP 64 F. In this case, ten days after entry of judgment was October 12, 1996. Because that was a Saturday, the time for filing a motion for judgment notwithstanding the verdict was extended to the following Monday— October 14, 1996. *See* ORCP 10 A.

was not the appropriate motion to file after a trial to the court, we should treat the motion as one for a new trial, which does have the same effect of extending the time within which to file the notice of appeal under ORS 19.026(2).

ORS 19.026 provides, in part:

"(1)   Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the judgment appealed from is entered in the register.

"(2)   Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a)   The date that the order disposing of the motion is entered in the register.

"(b)   The date on which the motion is deemed denied, as provided in ORCP 63 D or ORCP 64 F."

ORCP 63 D provides that motions for judgment notwithstanding the verdict

"shall be heard and determined by the court within 55 days of the time of the entry of the judgment * * * and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

ORCP 64 F includes the same provision regarding motions for a new trial.

■      Because the notice of appeal in this case was filed more than 30 days after entry of the judgment, the disposition of defendants' motion turns on whether what plaintiffs filed following the trial to the court constituted "a motion for new trial or a motion for judgment notwithstanding the verdict," pursuant to ORS 19.026(2). Plaintiffs concede that, although their motion was denominated a "motion for judgment notwithstanding the verdict," it cannot properly be regarded as such, because the trial in this case was to the court and not to a jury. *See generally* ORCP 63. The question remains whether the motion that plaintiffs filed can be regarded as a motion for a new trial.

We are loath to exalt the correct labeling of a motion over the substance of the request that is made of the trial court. Routinely, in fact, we disregard the labeling of a motion and examine the substance of the relief requested in order to determine the legal effect of the motion. Thus, for example, we have held that motions for a directed verdict made in a trial without a jury—which are appropriate only in jury trials—may be regarded as motions to dismiss under ORCP 54 B(2). *See, e.g., Hunter v. Farmers Ins. Co.*, 135 Or App 125, 132 n 1, 898 P2d 201 (1995) (when "the motion clearly apprise[s] the trial court of the issues raised, the labeling of the action is not of consequence"); *Cadle Co. II v. Schellman*, 126 Or App 372, 375-76, 868 P2d 773 (1994) (same). Similarly, the Supreme Court has held that a motion to set aside a summary judgment may be regarded as the equivalent of a motion for a new trial. *Carter v. U.S. National Bank*, 304 Or 538, 544, 747 P2d 980 (1987); *Cooley v. Roman*, 286 Or 807, 810-11, 596 P2d 565 (1979). We turn, then, to a consideration of the nature of a motion for a new trial and an examination of the substance of plaintiffs' motion to the trial court.

■ A motion for a new trial requests a "reexamination of an issue of fact in the same court after judgment." ORCP 64 A. The motion may be allowed for any one of a variety of reasons—irregularity in the proceedings, misconduct of the jury of the prevailing party, accident or surprise, newly discovered evidence, "[i]nsufficiency of the evidence to justify the verdict or other decision, or that it is against the law," or error in law occurring during the trial, ORCP 64 B and C—and the decision to allow the motion is one committed to the sound discretion of the trial court. *Fischer v. Kombol*, 90 Or App 398, 402, 752 P2d 349 (1988). The result of allowing the motion generally is that the judgment is set aside and a new trial is ordered; however, in the case of a trial without a jury, the court is not required to order a new trial and instead may reopen the record, take additional evidence, amend its findings of fact and conclusions of law or make new ones and direct entry of a new judgment accordingly. ORCP 64 C. Thus, we held in *Alternative Realty v. Michaels*, 90 Or App 280, 286, 753 P2d 419 (1988), that a motion denominated a "motion for reconsideration" could be considered a motion for

a new trial under ORCP 64 C, when the motion requested that the court merely set aside its judgment and reexamine the facts and the law.[2]

In this case, although labeled a "motion for judgment notwithstanding the verdict," the nature of the motion and the relief requested falls squarely within the purview of a motion for a new trial. Plaintiffs complained that the court's decision was "against the weight of the evidence." They asked that the court set aside its findings and conclusions, reexamine the facts and arrive at different factual findings and different conclusions of law. That is relief expressly provided for in ORCP 64 B(5) and ORCP 64 C. Indeed, in response to defendants' arguments to the trial court, plaintiffs explicitly contended that, although improperly labeled, in substance, their motion requested a new trial and not judgment notwithstanding the verdict. Under the circumstances, we agree with plaintiffs that their motion, in substance, requested relief under ORCP 64. Accordingly, under ORS 19.026(2), the time for filing a notice of appeal was extended, and plaintiffs' filing in this case was not untimely.

Motion to dismiss denied.

---

[2] We also held that we would not thereafter entertain the notion that "motions for reconsideration," which Oregon rules do not recognize, (*see Carter v. U.S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring)), may be regarded as motions for a new trial. *Alternative Realty*, 90 Or App at 285. We held that "[h]enceforth, any document not clearly labeled as a motion for a new trial or judgment notwithstanding the verdict" will not extend the deadline for filing a notice of appeal, pursuant to ORS 19.026(2). *Id.*