Argued May 9, affirmed September 6, 1974

STEVENSON, *Respondent, v.* HOLE, *Appellant.*

525 P2d 1015

*Edward H. Warren,* Portland, argued the cause

for appellant. With him on the briefs were Hershiser, Mitchell & Warren, Portland.

*Marvin S. Nepom,* Portland, argued the cause for respondents. With him on the brief was Leo Levenson, Portland.

Before O'CONNELL, Chief Justice, and DENECKE,* HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

Plaintiff, wife, brought an action to recover damages for injuries suffered in an automobile accident. Plaintiff, husband, brought an action for loss of consortium arising out of his wife's injuries in the same occurrence. The two cases were consolidated for trial and resulted in a verdict and judgment for each plaintiff. Defendant appealed both cases and the appeals were consolidated by order of this court.

136th Avenue on the outskirts of the city of Portland runs north and south and is a two-lane, hard-surfaced street. Plaintiff, wife, was operating her vehicle in a southerly direction on 136th Avenue and was being followed by a vehicle operated by defendant. She slowed to make a right-hand turn onto Harold Street, when the rear end of her vehicle was struck by defendant's vehicle. Both plaintiffs charged negligence against defendant in the following particulars:

"1.) In failing to maintain a proper lookout for other vehicles, more particularly the vehicle which plaintiff was operating;

"2.) In failing to maintain proper control over his vehicle;

---

* Denecke, J., did not participate in the decision of this case.

"3.) In operating his vehicle at an excessive rate of speed considering the circumstances then and there existing; and

"4.) In failing to apply his brakes so as to stop prior to colliding with the vehicle which plaintiff was operating."

Defendant charged contributory negligence against plaintiff, wife, in both cases as follows:

"(1) In stopping upon a highway without first seeing that such action could be made in safety;

"(2) In stopping on a highway without giving a proper signal of her intention to do so which was plainly visible to the defendant;

"(3) In failing to give a proper signal of her intention to make a right-hand turn for a distance of at least 100 feet prior to turning which was plainly visible to the defendant."

The trial judge directed a verdict on the question of liability in favor of plaintiff in both cases, and this is the principal basis for defendant's appeals.

■ We have concluded that the trial court was correct in instructing the jury that defendant was negligent as a matter of law. The defendant testified as follows:

"Q. Would you go ahead and real briefly, tell the jury how the accident happened from that point on?

"A. Well, as I came up on the hill, I was gaining on her, I would say. And as I went over the hill, she was ahead of me a ways—or the car was ahead of me a ways. And all of a sudden, there she was. Whether I looked away or what, I don't know. But I saw no signal at all. And I hit my brakes, and it was right there—I mean, I was right on her when I hit the brakes."

"* * * * *

"Q. Do I understand from 300 feet back here, up until the time you hit your brakes, which I assume was at least 20 feet back from the impact, as you have drawn it on the diagram, here, for this some 250 or so feet, you did not see or observe the Stevenson car again?

"A. I'm not going to say I didn't observe it. I didn't see her slowing down for the turn. Now, I saw no signal or nothing to indicate she was slowing down.

"Q. That is not my question.

"A. Okay. I'm sorry.

"Q. My question is: from the time you topped off the hill—

"A. Yes.

"Q. —300 feet back until the—as I understand your testimony—until you slammed on your brakes

"A. Right.

"Q. —and I realize there is a little bit of a reaction time there—did you or did you not observe the Stevenson car again, look at it for that stretch?

"A. I would say no.

"Q. You did not look at it?

"A. In that case.

"Q. And do I also understand your testimony from what you told Mr. Mitchell here, you can't tell us one way or the other whether or not you looked away; you just don't know?

"A. I don't remember looking away, no. I have no recollection of looking away.

"Q. Well, if you didn't, the Stevenson car was ahead of you, wasn't it?

"A. Yes.

"Q. Where were you looking, then, if you didn't see the Stevenson car?

"A. I evidently was looking at it (pause), at first. But to my knowledge, I can't tell you; I'll put it that way."

It would seem conclusive that defendant did not keep a proper lookout and that this failure was a cause of the accident.

■ We also have come to the conclusion that no error was committed in not submitting to the jury the issue of plaintiff wife's contributory negligence because any such negligence was not shown to have been a cause of the accident. There was evidence from which the jury could have found that plaintiff did not give any signals of her intention to slow down or to turn. At one time plaintiff testified that she was about 200 feet from the intersection when she turned her turn signals on and at another time that she did so as she topped the hill which was 300 feet from the intersection. Defendant testified that as he topped the hill she was 100 to 150 feet ahead of him and he looked at her vehicle but she was giving no signals of any kind, and had she turned her signals on when she said she did, defendant would have seen them. Defendant also testified that when he next saw her vehicle she was 30 to 50 feet ahead of him, and he slammed on his brakes but was unable to avoid hitting her. He said that at that time he saw no signals of any kind. From this testimony the jury could find she gave no signal of her intention to slow down or to turn.

However, the law[1] required her to have her turn signals on only 100 feet prior to turning. When defendant last noticed her as he came over the top of the hill 300 feet from the intersection, she was 150 to 200 feet from the intersection and was not yet required to have her turn signals on. In addition, any signal she would have given of her intention to slow down or to turn would have been to no avail because when

[1] ORS 483.126.

defendant next looked at her vehicle, plaintiff was 30 to 50 feet away and he could not have then avoided hitting her because he was unable to stop soon enough. As a result, we can only conclude that if she failed to give any signal of her slowing or turning, such failure was not a cause of the accident. It would have happened anyway because defendant was not looking and would not have seen any signals soon enough to stop had they been given.

■ Defendant also complains of the trial court's failure to give a requested instruction to the effect that plaintiff, wife, had the duty to mitigate her husband's damages. Included without objection in the husband's damages were wages he paid for housework, which he claimed was necessary and due to his wife's incapacity resulting from the accident, as well as wages paid to others to replace his wife's services which she customarily rendered to a business conducted by the two of them. It was defendant's contention that plaintiff, wife, was able to resume sooner than she did the duties for which other people were hired. Assuming that the instruction was a proper one, under the particular circumstances we are of the opinion that the matter was adequately presented to the jury for its consideration under instructions that plaintiff, husband, had the burden to prove his special damages by a preponderance of the evidence.

The two judgments of the trial court are affirmed.